IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUGUST CABRERA, *et al.*,<br><br>    Plaintiffs,<br><br>  v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>    Defendant. | Case No. 19-cv-3835-JDB |

**PLAINTIFFS' MOTION FOR ORDER PERMITTING PLAINTIFFS TO PROCEED WITH SERVICE UNDER 28 U.S.C. § 1608(a)(4)**

  Plaintiffs hereby move the Court for an order permitting Plaintiffs to serve the First Amended Complaint ("FAC") on Defendant, the Islamic Republic of Iran ("Iran"), now via diplomatic channels under 28 U.S.C. § 1608(a)(4). In support of their request, Plaintiffs state the following:

  1. This is a civil action under the Foreign Sovereign Immunities Act (28 U.S.C. § 1605A) alleging that Iran sponsored terrorist attacks against Americans in Afghanistan. Plaintiffs filed the FAC on February 18, 2020 (Dkt. 8) and must serve the FAC on Iran under 28 U.S.C. § 1608(a).

  2. Plaintiffs cannot serve Iran under 28 U.S.C. § 1608(a)(1) because the United States and Iran do not have any special arrangement for service of process. Nor is service on Iran permitted by any applicable international convention on service of judicial documents pursuant to 28 U.S.C. § 1608(a)(2).

  3. Plaintiffs have attempted service under 28 U.S.C. § 1608(a)(3), but have been informed that such service is impossible. On March 24, 2020, Plaintiffs provided the Clerk's

Office for this Court with a copy of the FAC, summons, and notice of suit, together with a translation of each into Farsi.  Plaintiffs requested that the Clerk's Office dispatch these documents via an included DHL package, with signed return receipt requested, to the Minister of Foreign Affairs for Iran.  Dkts. 11, 11-1, and 12.  In subsequent conversations with the Clerk's Office and DHL, Plaintiffs learned that this method of service is impossible because DHL is no longer delivering to Iran.

4. Given the futility of service via DHL, on March 31, 2020, Plaintiffs provided the Clerk's Office with another copy of the same service package and requested that the Clerk's Office dispatch the documents via certified U.S. Mail, with signed return receipt requested, to the Minister of Foreign Affairs for Iran.  Dkts. 13 and 13-1.  In a subsequent conversation, the Clerk's Office informed Plaintiffs that service via the U.S. Postal Service is similarly impossible.

5. On April 9, 2020, the Clerk's Office entered a notice on the docket in this case confirming those representations and stating that it had returned the service packet to counsel because it could not dispatch the packet to Iran via either DHL or the U.S. Postal Service.  Dkt. 14.  There is no other means by which Plaintiffs can accomplish service by mail.  Service of Iran under 28 U.S.C. § 1608(a)(3) is thus currently impossible.

6. Under the plain text of the statute, service is now appropriate via 28 U.S.C. § 1608(a)(4).  Plaintiffs may proceed with the fourth method of service — service via diplomatic channels — "if service cannot be made within 30 days under [§ 1608(a)(3)]."  28 U.S.C. § 1608(a)(4).  Because the Clerk's Office has confirmed that it cannot dispatch the service packet, service of Iran cannot be made under § 1608(a)(3) within 30 days.  Plaintiffs therefore respectfully request that the Court permit them to proceed now with service under 28 U.S.C. § 1608(a)(4).  *See Maalouf v. Islamic Republic of Iran*, 2020 WL 805726, at *3 (D.D.C. Feb. 18,

2020) (Bates, J.) (affirming service via § 1608(a)(4) because service under § 1608(a)(3) "would be futile" and was "known to be ineffective"); *see also* Order, *Hudson v. Islamic Republic of Iran*, 19-cv-00377-RCL (D.D.C. Dec. 6, 2019), Dkt. 23 (granting leave to proceed with service under § 1608(a)(4) because service under § 1608(a)(3) was impossible).

    7.    Pursuant to Local Civil Rule 7(c), Plaintiffs attach to this motion a proposed order entering the relief requested above.

Dated:  April 10, 2020

Respectfully submitted,

*/s/ Joshua D. Branson*

| | |
|---|---|
| Michael J. Gottlieb (D.C. Bar No. 974960) | Joshua D. Branson (D.C. Bar No. 981623) |
| Randall Jackson (D.C. Bar No. 490798) | Andrew E. Goldsmith (D.C. Bar No. 1007074) |
| Nicholas Reddick[1] | Grace W. Knofczynski (D.C. Bar No. 15000407) |
| Willkie Farr & Gallagher LLP | Kellogg, Hansen, Todd, |
| 1875 K Street, N.W. |   Figel & Frederick, P.L.L.C. |
| Washington, DC 20006-1238 | 1615 M Street, N.W., Suite 400 |
| Tel: (202) 303-1000 | Washington, D.C. 20036 |
| Fax: (202) 303-2000 | Tel:  (202) 326-7900 |
| MGottlieb@willkie.com | Fax:  (202) 326-7999 |
| RJackson@willkie.com | jbranson@kellogghansen.com |
| NReddick@willkie.com | agoldsmith@kellogghansen.com |
| | gknofczynski@kellogghansen.com |

Ryan R. Sparacino (D.C. Bar No. 493700)
Sparacino PLLC
1920 L Street, NW, Suite 535
Washington, D.C. 20036
Tel:  (202) 629-3530
ryan.sparacino@sparacinopllc.com

*Counsel for Plaintiffs*

---

[1] D.C. Bar application pending; California Bar No. 288779.  Practicing under the supervision of members of the D.C. Bar.

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 10th day of April, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

                                            */s/ Joshua D. Branson*
                                            Joshua D. Branson