IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUGUST CABRERA, *et al.*,<br><br>             Plaintiffs,<br><br>   v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>             Defendant. | Case No. 19-cv-3835-JDB |

## PLAINTIFFS' UPDATED STATUS REPORT

Plaintiffs are American service members and civilians, and their family members, who were injured or killed in Afghanistan by terrorist attacks committed by the Afghan Taliban and al-Qaeda. They bring claims against Iran under the terrorism exception to the Foreign Sovereign Immunities Act (28 U.S.C. § 1605A) for providing material support for these attacks. *See* Second Amended Complaint ("SAC," Dkt. 30), ¶¶ 1-5, 10-12. To supplement Plaintiffs' March 8, 2021 Status Report, *see* Dkt. 32, Plaintiffs provide this additional report to update the Court on a new development concerning third-party discovery.

On March 19, 2021, Plaintiffs and the United States reached an agreement on the parameters and timeline for the Department of Defense's ("DOD") production of documents responsive to Plaintiffs' November 2020 subpoenas. Under this agreement, DOD will:

   1.   Search for Explosive Ordnance Disposal ("EOD") reports and Incident and Operational Reports ("OPREPs") related to the 27 potential "bellwether" attacks identified in Exhibit B to the CENTCOM subpoena.

   2.   Search for National Ground Intelligence Center ("NGIC") "Weapons Reports" or "White Papers" generated from January 1, 2006 through December 31, 2014, concerning 107mm

rockets, 82mm mortars, 122mm rockets, and improvised explosive devices ("IEDs") used in Afghanistan. DOD will use five initial search terms to narrow the universe of NGIC reports: "Iran," "Iran*," Qods Force," "Islamic Revolutionary Guard Corps," and "IRGC."[1]

3.  A DOD "subject matter expert" will assess the relevance of the reports located pursuant to paragraphs 1 and 2. The DOD expert will look for information in these reports pertaining to: (a) the group that committed the attack; (b) the characteristics, tactics, and techniques used in the attack (including what the weapon type or explosive was); and (c) any nexus between a particular attack and Iran. If the report addresses any of those issues, DOD will deem it responsive. Nothing in these parameters shall be read to suggest that DOD will withhold production of EOD reports or OPREPs that do not mention Iran's direct or indirect involvement.

4.  Once the DOD expert deems a document responsive, DOD will process it for release. The first set of EOD Reports and OPREPs concerning five bellwether attacks will be produced on May 18, 2021. Subsequent EOD reports and OPREPs, at the rate of five new attacks per month, will be produced in one-month increments after May 18, 2021. DOD commits to a "rolling production" of NGIC "Weapons Reports" beginning on May 18, 2021. DOD will complete production of all EOD reports, OPREPs, and NGIC "Weapons Reports" by September 11, 2021. This will ensure that DOD's production is complete before Plaintiffs file the final bellwether attack list, final exhibit list, final expert reports, and final witness list on October 4, 2021, and before the bellwether hearing scheduled to begin on October 18, 2021.

Plaintiffs have reserved the right to seek a faster processing rate, or to otherwise challenge DOD's search process, as the productions unfold. Plaintiffs will address any issues

---

[1] DOD agrees that Plaintiffs reserve the right to request additional search terms. Plaintiffs may request additional search terms within 14 days after the second production of NGIC Weapons Reports or by the end of June 2021.

that arise in a future Status Report, or if necessary in a motion to compel.  That said, given the agreement set forth above, Plaintiffs are now optimistic that they will timely complete all bellwether-related government discovery without the need for the Court's assistance.

Attached as Exhibit A is DOD's formal agreement to this production of documents responsive to Plaintiffs' November 2020 subpoenas, which memorializes the terms above.

Dated:  April 1, 2021

Respectfully submitted,

/s/ Joshua D. Branson

| | |
|---|---|
| Michael J. Gottlieb (D.C. Bar No. 974960) | Joshua D. Branson (D.C. Bar No. 981623) |
| Randall Jackson (D.C. Bar No. 490798) | Andrew E. Goldsmith (D.C. Bar No. 1007074) |
| Nicholas Reddick (D.C. Bar No. 1670683) | Grace W. Knofczynski (D.C. Bar No. 15000407) |
| Willkie Farr & Gallagher LLP | Kellogg, Hansen, Todd, |
| 1875 K Street, N.W. | Figel & Frederick, P.L.L.C. |
| Washington, DC 20006-1238 | 1615 M Street, N.W., Suite 400 |
| Tel:  (202) 303-1000 | Washington, D.C. 20036 |
| Fax:  (202) 303-2000 | Tel:  (202) 326-7900 |
| MGottlieb@willkie.com | Fax:  (202) 326-7999 |
| RJackson@willkie.com | jbranson@kellogghansen.com |
| NReddick@willkie.com | agoldsmith@kellogghansen.com |
| | gknofczynski@kellogghansen.com |

Ryan R. Sparacino (D.C. Bar No. 493700)
Sparacino PLLC
1920 L Street, NW, Suite 535
Washington, D.C. 20036
Tel:  (202) 629-3530
ryan.sparacino@sparacinopllc.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of April, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

*/s/ Joshua D. Branson*
Joshua D. Branson

# EXHIBIT A



**U.S. Department of Justice**

Civil Division
Federal Programs Branch
1100 L Street NW
Washington DC 20005

---

Tel: (202) 514-2395
Fax: (202) 616-8470
antonia.konkoly@usdoj.gov

**VIA ELECTRONIC DELIVERY**

Jimmy Ruck, Esq.
Kellogg, Hansen, Todd, Figel & Frederick, P.L.L.C.
Sumner Square
1615 M Street NW
Suite 400
Washington, D.C. 20036-3215
jruck@kellogghansen.com

March 31, 2021

Re: *August Cabrera, et al. v. The Islamic Republic of Iran*
Civil Action No. 19-cv-3835 (JDB) (D.D.C.)

Dear Mr. Ruck:

      This letter is in follow-up to our recent conversations regarding the third-party subpoenas and accompanying *Touhy* requests that the Plaintiffs in the above-captioned action served on the U.S. Central Command J6-RDF ("CENTCOM"); the Defense Threat Reduction Agency ("DTRA"); Army Central Command ("ARCENT"); and the U.S. Army Intelligence and Security Command ("INSCOM") (collectively, the U.S. Department of Defense ("DoD"), and the "DoD subpoenas"). By letter dated February 19, 2021, DoD objected to those subpoenas and denied your Touhy requests, but offered an accommodation of your requests. This letter memorializes the agreement between the *Cabrera* Plaintiffs and DoD on an accommodation in full satisfaction of the DoD subpoenas.

      Specifically, the parties have agreed as follows:

(1)    DoD will search for, and review, any Incident and Operational ("OPREP") Reports and any Explosive Ordnance Disposal ("EOD") Reports related to the 27 "bellwether" attacks identified in Exhibit B to the CENTCOM subpoena, attached hereto. If any such records are located, DoD will assign a qualified subject matter expert ("SME") to review the records for:

    (a) any information demonstrating a direct nexus between a particular bellwether attack and Iran; and

    (b) any information in the reports pertaining to either (i) the group that committed the bellwether attack, and/or (ii) the particular characteristics, tactics, techniques used in the bellwether attack

(including weapon type), regardless of whether any instances of these categories of information mention or potentially implicate Iran.

(2) DoD will further search all National Ground Intelligence Center ("NGIC") Reports (also referred to as "Weapons Reports") created between January 1, 2006 and December 31, 2014 using the following search terms: "Iran," "Iran*," "Qods Force," "Islamic Revolutionary Guard Corps," and "IRGC." A DoD SME will review any NGIC Reports generated by this search for any information demonstrating a direct nexus between the weapon in question and Iran, as well as evidence that would support a "proximate cause" theory of liability against Iran.

(3) DoD commits to processing any record(s) yielded by the searches described above with the good faith intention and goal of releasing, whenever possible, the categories of information described in (1)(a), (1)(b), and (2), *supra*, subject to any applicable privileges and statutory prohibitions. DoD will not, however, process for release any information contained within the relevant reports that does *not* meet the descriptions in (1)(a), (1)(b), and (2); indeed, DoD's ability to meet the parties' agreed-upon processing schedule, described *infra*, is premised on the exclusion of other categories of information from DoD's processing obligations.

(4) DoD will complete all processing, as described *supra*, and make all appropriate productions to the *Cabrera* Plaintiffs no later than September 11, 2021.

- In order to meet that deadline, DoD will process the OPREP and EOD Reports at a rate of at least five attacks per month, and will make its first production of any releasable portions of these Reports to the *Cabrera* Plaintiffs no later than mid-May 2021. Thereafter, DoD will make rolling productions of any releasable portions of the OPREP and EOD Reports on a monthly basis.

- If DoD does not locate any OPREP and EOD Reports associated with a particular bellwether attack, or if any such Reports relating to a bellwether attack do not contain the categories of information described in (1)(a), (1)(b), and (2), *supra*, DoD will so inform the *Cabrera* Plaintiffs, on the same schedule.

- DoD further agrees to make rolling productions of any releasable portions of the NGIC Reports beginning in mid-May 2021, and concluding no later than September 11, 2021.

DoD's performance of the actions described in the foregoing numbered paragraphs shall constitute full satisfaction of the DoD subpoenas, and the *Cabrera* Plaintiffs in turn agree to withdraw—permanently—all other aspects of those subpoenas. However, Plaintiffs may request additional search terms within 14 days after the first production of NGIC Weapons Reports. Should the *Cabrera* Plaintiffs make such a request, DoD commits to negotiate in good faith about the feasibility of an adjustment to the search terms in (2), *supra*.

We are very pleased that our negotiations have resulted in this mutually agreeable resolution to the DoD subpoenas. Please confirm in writing (either by email or letter) Plaintiffs' agreement that the above-described terms fully and accurately capture the substance of the agreement between the *Cabrera* Plaintiffs and DoD.

We look forward to continuing to work with you on this matter going forward.

Sincerely,

/*s*/

Antonia Konkoly
Alex Saslaw
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice

# EXHIBIT B

# EXHIBIT B – Attack List

| Attack Date | Attack Type | Unit/Entity Attacked | Attack Location |
|---|---|---|---|
| October 23, 2007 | complex attack involving small arms fire | 2nd Battalion, 503rd Airborne Infantry Regiment, 173rd Airborne Brigade Combat Team | Kunar Province, Afghanistan |
| November 10, 2007 | rocket propelled grenade attack | 1st Battalion, 10th Special Forces Group | Kapisa Province, Afghanistan |
| July 13, 2008 | complex attack involving small arms fire and rocket propelled grenades | 2nd Battalion, 503rd Infantry Regiment (Airborne), 173rd Airborne Brigade Combat Team | Nuristan Province, Afghanistan |
| January 17, 2009 | attack on a helicopter | 1st Battalion, 26th Infantry Regiment, 3rd Brigade Combat Team, 1st Infantry Division | Kunar Province, Afghanistan |
| July 7, 2009 | IED attack | 2nd Battalion, 130th Infantry Regiment, Illinois National Guard | Herat Province, Afghanistan |
| August 16, 2009 | IED attack | 1st Psychological Operations Battalion, 4th Psychological Operations Group (Airborne) | Herat Province, Afghanistan |
| April 11, 2010 | IED attack | 2nd Battalion, 508th Parachute Infantry Regiment, 4th Brigade Combat Team, 82nd Airborne Division | Helmand Province, Afghanistan |
| June 25, 2010 | complex attack involving small arms fire and rocket propelled grenades | 1st Battalion, 327th Infantry Regiment, 1st Brigade Combat Team, 101st Airborne Division (Air Assault) | Kunar Province, Afghanistan |
| July 10, 2010 | complex attack involving rocket propelled grenade and small arms fire | 1st Battalion, 327th Infantry Regiment, 1st Brigade Combat Team, 101st Airborne Division (Air Assault) | Kunar Province, Afghanistan |
| October 19, 2010 | IED attack | 1st Explosive Ordnance Disposal Company, 1st Marine Logistics Group, I Marine Expeditionary Force | Helmand Province, Afghanistan |
| January 20, 2011 | rocket propelled grenade attack | 17th Combat Sustainment Support Battalion, 3rd Maneuver Enhancement Brigade | Baghlan Province, Afghanistan |

1

| Attack Date | Attack Type | Unit | Attack Location |
|---|---|---|---|
| August 25, 2011 | IED attack | 3rd Battalion, 21st Infantry Regiment, 1st Stryker Brigade Combat Team, 25th Infantry Division | Kandahar Province, Afghanistan |
| October 29, 2011 | suicide bombing attack | Uniformed Services University of Health Sciences; and Medical Company A, Tripler Army Medical Center, Hawaii | Kabul Province, Afghanistan |
| November 30, 2011 | IED attack | 2nd Battalion, 11th Marine Regiment, 1st Marine Division, I Marine Expeditionary Force | Helmand Province, Afghanistan |
| February 23, 2012 | insider attack | 385th Military Police Battalion, 16th Military Police Brigade (Airborne), XVIII Airborne Corps | Nangarhar Province, Afghanistan |
| May 18, 2012 | indirect fire attack | 1st Battalion (Air Assault), 377th Field Artillery Regiment, 17th Fires Brigade | Kunar Province, Afghanistan |
| May 20, 2012 | suicide bombing attack | 214th Fires Brigade, Field Artillery Unit | Uruzgan Province, Afghanistan |
| May 31, 2012 | IED attack | A Co. 5th Special Forces Group | Helmand Province, Afghanistan |
| June 1, 2012 | complex attack involving suicide truck bomb, small arms fire, and rocket propelled and fragmentation grenades | 1st Squadron, 40th Cavalry Regiment, 4th Airborne Brigade Combat Team, 25th Infantry Division | Khost Province, Afghanistan |
| September 1, 2012 | complex attack involving small arms fire and grenades | 1st Battalion, 1st Special Forces Group (Airborne); and 192nd Ordnance Battalion, 52nd Ordnance Group, 20th Support Command (CBRNE) | Ghazni Province, Afghanistan |
| September 26, 2012 | suicide bombing attack | 1st Squadron, 91st Cavalry Regiment, 173rd Airborne Brigade Combat Team | Logar Province, Afghanistan |
| June 18, 2013 | rocket attack | 68th Combat Sustainment Support Battalion, 43rd Sustainment Brigade, 4th Infantry Division | Parwan Province, Afghanistan |
| July 15, 2013 | attack involving recoilless rifle | 1st Battalion, 506th Infantry Regiment, 4th Brigade Combat Team | Paktia Province, Afghanistan |

2

3

| Attack Date | Attack Type | Unit | Attack Location |
|---|---|---|---|
| July 30, 2013 | indirect fire attack | 6th Squadron, 8th Cavalry Regiment, 4th Infantry Brigade Combat Team, 3rd Infantry Division | Logar Province, Afghanistan |
| February 15, 2014 | IED attack | 2nd Marine Special Operations Battalion, Marine Special Operations Regiment, U.S. Marine Corps Forces Special Operations Command | Helmand Province, Afghanistan |
| August 22, 2015 | suicide bombing attack | DynCorp Int'l (civilian government contractor(s)) | Kabul Province, Afghanistan |
| June 10, 2017 | insider attack | D Company, 187th Infantry Regiment, 3rd Brigade Combat Team, 101st Airborne Division | Nangarhar Province, Afghanistan |