UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUGUST CABRERA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>    Defendant. | Civil Action No. 19-3835 (JDB) |
| MARK ZAMBON, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>    Defendant. | Civil Action No. 18-2065 (JDB) |

**ORDER ADOPTING ADMINISTRATIVE PLAN CONCERNING SPECIAL MASTERS**

Upon consideration of plaintiffs' motions to adopt an administrative plan concerning special masters in the above-captioned cases, and the entire record herein, it is hereby

**ORDERED** that the following Administrative Plan shall govern further proceedings as to the damages awards for 94 plaintiffs (direct-victim plaintiffs associated with the bellwether attacks who did not testify at the bellwether hearing held from October 18 to 20, 2021, as well as their family members):

   I.   **Qualifications**

Each person appointed as a Special Master of this Court under this Administrative Plan shall have not less than five years of experience as a licensed attorney or as a judge of a court of any state, the District of Columbia, or the United States.  Such person shall not be related to any

party or counsel appearing in this action, nor have any financial or other interest that would create a conflict of interest. See Fed. R. Civ. P. 53(a)(2), (b)(3). To the extent not already submitted to the Court, plaintiffs shall submit the curriculum vitae of each proposed Special Master. Any appointed Special Master shall submit, within thirty days after entry of an order appointing that individual as a Special Master, a signed declaration disclosing any ground for disqualification under 28 U.S.C. § 455 and agreeing to abide by this Administrative Plan.

## II.   Division of Responsibilities

If more than one Special Master is appointed, plaintiffs shall submit for the Court's approval a plan identifying which Special Masters shall be responsible for which plaintiffs' claims. Plaintiffs' proposed plan should divide the claims so as to ensure that each Master may complete his or her work as efficiently as possible. Plaintiffs shall submit the proposed plan not later than thirty days after entry of the order appointing multiple special masters.

## III.   Powers

The Special Master shall consider all issues related to each plaintiff proving their entitlement to compensatory damages. See 28 U.S.C. § 1605A(e). This shall include assessing each plaintiff's standing under the private right of action in 28 U.S.C. § 1605A(c). There are two standing requirements in the private right of action beyond the requirements for a waiver of sovereign immunity. First, each plaintiff (rather than the plaintiff or the victim) must be:

(1) a national of the United States,
(2) a member of the armed forces,
(3) an employee of the Government of the United States, or of an individual performing a contract awarded by the United States Government, acting within the scope of the employee's employment, or
(4) the legal representative of a person described in paragraph (1), (2), or (3).

See 28 U.S.C. § 1605A(c).  Second, the family member plaintiffs must prove that they are an immediate family member, or the functional equivalent, of an individual killed or physically injured to be entitled to solatium damages.

The Special Master shall then "make or recommend findings of fact on" the scope of each plaintiff's compensatory damages.  See Fed. R. Civ. P. 53(a)(1)(B).  To assess and evaluate plaintiffs' damages claims and the applicable law, the Special Master shall be guided by the provisions of 28 U.S.C. § 1605A, this Court's Memorandum Opinion, see generally Mem. Op., July 19, 2022 [ECF No. 78], and any further orders that this Court may enter.  Relevant precedents include, but are not limited to, Owens v. Republic of Sudan, 924 F.3d 1256 (D.C. Cir. 2019); Owens v. Republic of Sudan, 864 F.3d 751 (D.C. Cir. 2017), vacated and remanded on other grounds by Opati v. Republic of Sudan, 140 S. Ct. 1601 (2020); Selig v. Islamic Republic of Iran, Case No. 1:19-cv-02889 (TNM), 2021 WL 5446870 (D.D.C. Nov. 22, 2021); Sheikh v. Republic of Sudan, 485 F. Supp. 3d 255, 268 (D.D.C. 2020); Opati v. Republic of Sudan, 60 F. Supp. 3d 68 (D.D.C. 2014); Owens v. Republic of Sudan, 826 F. Supp. 2d 128 (D.D.C. 2011); Estate of Doe v. Islamic Republic of Iran, 808 F. Supp. 2d 1 (D.D.C. 2011); Estate of Bland v. Islamic Republic of Iran, No. 05-cv-2124 (RCL), 2011 WL 6396527 (D.D.C. Dec. 21, 2011); Valore v. Islamic Republic of Iran, 700 F. Supp. 2d 52 (D.D.C. 2010); Peterson v. Islamic Republic of Iran, 515 F. Supp. 2d 25 (D.D.C. 2007); Estate of Heiser v. Islamic Republic of Iran, 466 F. Supp. 2d 229 (D.D.C. 2006); Dammarell v. Islamic Republic of Iran, 404 F. Supp. 2d 261 (D.D.C. 2005); Salazar v. Islamic Republic of Iran, 370 F. Supp. 2d 105 (D.D.C. 2005); Kerr v. Islamic Republic of Iran, 245 F. Supp. 2d 59 (D.D.C. 2003); Jenco v. Islamic Republic of Iran, 154 F. Supp. 2d 27 (D.D.C. 2001); Wagner v. Islamic Republic of Iran, 172 F. Supp. 2d 128 (D.D.C. 2001); Eisenfeld v.

Islamic Republic of Iran, 172 F. Supp. 2d 1 (D.D.C. 2000); and Flatow v. Islamic Republic of Iran, 999 F. Supp. 1 (D.D.C. 1998).

The Special Master shall have authority to exercise all powers set forth in Federal Rule of Civil Procedure 54(c).  As to the admissibility of evidence, the Special Master shall liberally construe the Federal Rules of Evidence.  Plaintiffs may prove their claims "using evidence that might not be admissible at trial" because the Court is not required "to step into the shoes of the defaulting party and pursue every possible evidentiary challenge."  Owens, 864 F.3d at 785.  The Special Master may receive testimony by sworn declarations.  See, e.g., R. & R. of Special Master Regarding Compensatory Damages at 4, 6–7, 10, 12–14, Lonnquist v. Islamic Republic of Iran, No. 17-cv-1630 (JDB) (D.D.C. Feb. 11, 2020), ECF No. 38 (considering affidavits of plaintiffs as to damages); R. & R. of Special Master Regarding Plaintiff Fanuel Okall Onyando's Claims at 2, Chogo v. Republic of Sudan, No. 15-cv-951 (JDB) (D.D.C. Oct. 10, 2019), ECF No. 41 (considering affidavit of plaintiff as to eligibility and damages).  Documents need not be qualified as genuine pursuant to Federal Rule of Evidence 901.  Authentication may be made by counsel's representation that a proffered document is genuine and is an accurate copy of what counsel proffers it to be.

## IV. Communication

The Special Master may communicate ex parte with the Court or with the relevant counsel for plaintiffs if he or she determines that it is reasonable and efficient.  Counsel for plaintiffs may also communicate ex parte with the Special Master as reasonably necessary to facilitate the carrying out of the Special Master's duties.

### V. **Materials**

Plaintiffs may file documents with the Special Master under seal. See Min. Order, Sept. 21, 2021 (granting plaintiffs leave to file "medical records, family member affidavits, military administrative files, and proof of citizenship" under seal). Plaintiffs' counsel shall preserve for the Court all relevant documentary evidence submitted to the Special Master.

### VI. **Timing, Filing, and Review**

Pursuant to Federal Rule of Civil Procedure 53(b)(2), the Special Master shall proceed with reasonable diligence in completing his or her duties. Plaintiffs shall submit all relevant and necessary materials and evidence to the appointed Special Master by not later than thirty days after entry of the order assigning a particular plaintiff to that Special Master. The Special Master shall file reports with proposed findings and awards on the docket of the relevant case by not later than sixty days after plaintiffs submit the necessary materials and evidence. If the Special Master requests additional information, plaintiffs shall submit the requested additional information by not later than thirty days after the request, and the Special Master shall file the completed reports on the docket of the relevant case by not later than sixty days after plaintiffs submit the additional materials and evidence.

The Court will review the Special Master's findings, conclusions, and recommendations contained in the reports consistent with Federal Rule of Civil Procedure 53. If plaintiffs object to any finding, conclusion, or recommendation of the Special Master, they must move to modify it within thirty days of filing of the report at issue.

### VII. **Compensation**

Payment of the Special Master is contingent upon receipt of funding from a fund administered by the Department of Justice ("DOJ") and will be disbursed consistent with the

procedures set forth by the DOJ's Office for Victims of Crime ("OVC"). See 28 U.S.C. § 1605A(e)(2) ("The Attorney General shall transfer, from funds available for the program under section 1404C of the Victims of Crime Act of 1984[,] . . . such funds as may be required to cover the costs of special masters . . . .").

Each Special Master shall be paid $1,300 per day of work under this Administrative Plan and shall be reimbursed for reasonable expenses incurred in the performance of duties herein described, upon submitting to the Court a voucher indicating such expenses. Where less than a full work day (i.e., less than eight hours) is expended by the Special Master, the voucher shall indicate the portion of the day worked. Where less than a full work day but more than half of a work day (i.e., five hours or more) is expended, the Special Master shall be paid $1,300 for that day. Where half or less of a work day is expended (i.e., less than five hours), the Special Master shall be paid $650 for that day. De minimis time expended on minor tasks on any single day, e.g., placing a single short phone call or drafting an email inquiry, shall not suffice to claim compensation for one-half day. For the avoidance of any doubt, time spent by a Special Master reviewing legal issues relating to damages shall be compensable in accordance with this paragraph. Reasonable business-related expenses beyond transportation shall not exceed $350 per day.

Only a Special Master who has been appointed by the Court is entitled to compensation for work performed under this Administrative Plan. Work performed on behalf of a Special Master by a legal assistant, associate attorney, or any other staff shall not be entitled to compensation under this Administrative Plan, except as reasonable business-related expenses subject to the $350 per day limit. Should any question as to expenses arise that is not already addressed herein, the regulations promulgated by the Internal Revenue Service regarding business expenses shall

govern, and, subject to the above limitations, all expenses qualifying as business-related shall be paid.

To support any claim for payment for work performed under this Administrative Plan, each Special Master must submit a detailed voucher that (1) identifies each date that work was performed; (2) describes with reasonable detail the type of work performed on each date (including which plaintiffs' reports were worked on); (3) states the total hours worked on each day; (4) states whether the hours worked on each date constitute a full or half day of work; (5) lists the total amount due for that day (i.e., either full- or half-day rate); and (6) states the total amount claimed on the voucher.  To support any claim for additional business-related expenses, the Special Master must submit a detailed voucher that (1) identifies the date any business expense was incurred; (2) describes with sufficient detail the type of reasonable business-related expense incurred; and (3) includes receipts and/or billing statements substantiating the expense.

Plaintiffs in each of the above-captioned cases shall submit a consolidated motion for payment attaching the relevant vouchers and claims for payment.  Motions for payment shall be submitted by not later than thirty days after each Special Master files all reports for those plaintiffs currently assigned to that Special Master.

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated:  July 19, 2022