IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUGUST CABRERA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ISLAMIC REPUBLIC OF IRAN, <br><br> Defendant. | Case No. 19-cv-3835-JDB |
| MARK ZAMBON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> ISLAMIC REPUBLIC OF IRAN, <br><br> Defendant. | Case No. 18-cv-2065-JDB |

**PLAINTIFFS' MOTION TO CORRECT FINAL JUDGMENT OF
<u>KEVIN KING AND STEPHANIE MILLER</u>**

**TABLE OF CONTENTS**

I. LEGAL STANDARD..................................................................................................... 2

II. THE MULTIPLIER USED FOR MR. KING APPEARS TO BE INCORRECT.............. 3

    A. Mr. King and Ms. Miller's current prejudgment-interest multiplier only accounts for interest accrued in 2022.................................................................... 3

    B. The correct prejudgment-interest multiplier is 1.274229 ....................................... 4

III. THE COURT SHOULD MODIFY ITS JUDGMENT AND AWARD MR. KING AND MS. MILLER THE CORRECT AMOUNT OF PREJUDGMENT INTEREST...... 5

i

Plaintiffs respectfully move the Court to grant relief from the Final Judgment of Kevin King and Stephanie Miller. *See* Fed. R. Civ. P. 60(a), (b)(1), (b)(6). As discussed at the October 18, 2022 Status Conference, Plaintiffs believe the Court made a clerical mistake when calculating Mr. King's prejudgment-interest multiplier. Applying the correct multiplier results in around $3 million in additional prejudgment interest for Mr. King and his sister combined. *See* Dkt.[1] 77 (Order).

## I.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 60(a), the Court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "Rule 60(a) applies when the record indicates that the court intended to do one thing but, by virtue of a clerical mistake or oversight, did another." *Fanning v. George Jones Excavating, L.L.C.*, 312 F.R.D. 238, 239 (D.D.C. 2015) (Bates, J.) (quoting 12 Moore's Federal Practice § 6011(1)(a) (3d ed. 2015)). Such "errors come from 'pure inadvertence, rather than a mistaken exercise of judgment.'" *King v. District of Columbia*, 930 F. Supp. 2d 45, 46 (D.D.C. 2013) (quoting *Lowe v. McGraw-Hill Cos.*, 361 F.3d 335, 341 (7th Cir. 2004)).

The Court may also "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake," Fed. R. Civ. P. 60(b)(1), or "any other reason that justifies relief." *Id.* 60(b)(6). "[T]he district judge, who is in the best position to discern and assess all the facts, is vested with a large measure of discretion in deciding whether to grant a Rule 60(b) motion." *Computer Prof'ls Soc. Responsibility v. U.S. Secret Serv.*, 72 F.3d 897, 903 (D.C. Cir. 1996) (quoting *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988)).

---

[1] Unless otherwise specified, citations to "Dkt." are to the docket entries in *Cabrera v. Islamic Republic of Iran*, No. 19-cv-3835-JDB.

## II. THE MULTIPLIER USED FOR MR. KING APPEARS TO BE INCORRECT

### A. Mr. King and Ms. Miller's current prejudgment-interest multiplier only accounts for interest accrued in 2022

The Court explained how it calculated prejudgment-interest multipliers in footnote 46 of the Bellwether Opinion. *See* Dkt. 78 at 122 n.46 ("Bellwether Opinion"). The process involved taking the prime rate from the year of each victim's attack, discounting that number to account for the time remaining in that year, and adding the resulting figure to the number one. *Id.* The Court then multiplied that figure by the prime rate for the following year and added the resulting amount to the previously calculated figure. *Id.* Next, the Court repeated the same process for each year up through 2021. *Id.*

Finally, as for the 2022 prime rate, which the Federal Reserve had not yet published, the Court reached that figure by averaging previous rates: "To approximate the 2022 prime rate, the Court averaged the prime rates for the past six years—approximately 4.10%—and again discounted the interest by the percentage of the year that ha[d] elapsed as of July 19, 2022." *Id.* As of July 19, 2022, 199 of the 365 days in 2022—or 54.520548 percent of the year—had elapsed. Thus, the discounted figure for 2022 is 0.022344.[2]

For every Plaintiff except for Mr. King and Ms. Miller, the Court followed the process above and calculated prejudgment interest by starting with the year of the attack and calculating a multiplier for each year through 2022. For Mr. King and Ms. Miller, however, the Court applied a prejudgment-interest multiplier of 1.022344, apparently accounting only for the interest accrued in 2022. *Id.* at 123. But as the Court noted, the relevant starting date for Mr. King is his kidnapping: August 7, 2016, not January 1, 2022. *Id.* Had the Court followed the same process

---

[2] The average prime rate for the six years—"approximately 4.10%," Bellwether Opinion at 122 n.46—is 4.098333%. All figures throughout this motion are shown to the sixth decimal place, but the calculations are based on the full numbers.

for Mr. King and Ms. Miller that it followed for the other Plaintiffs, as we believe it intended to, it would have calculated a higher number.

**B.      The correct prejudgment-interest multiplier is 1.274229**

Using the same steps that the Court outlined in footnote 46, we believe that Mr. King's prejudgment-interest multiplier should be 1.274229. We reached that figure through the following steps:

- The relevant start date is August 7, 2016. Bellwether Opinion at 123.

- That left 146 days in 2016—2016 had 366 days—and thus 39.890710 percent of the year.

- The average prime rate in 2016 was 3.51 percent.[3] Multiplying 0.035100 by 0.398907, and adding the resulting figure to 1, results in 1.014002.

- The average prime rate for 2017 was 4.10 percent. Multiplying 1.014002 by 0.041000, and adding the resulting figure to 1.014002, results in 1.055576.

- The average prime rate for 2018 was 4.91 percent. Multiplying 1.055576 by 0.049100, and adding the resulting figure to 1.055576, results in 1.107404.

- The average prime rate for 2019 was 5.28 percent. Multiplying 1.107404 by 0.052800, and adding the resulting figure to 1.107404, results in 1.165875.

- The average prime rate for 2020 was 3.54 percent. Multiplying 1.165875 by 0.035400, and adding the resulting figure to 1.165875, results in 1.207147.

- The average prime rate for 2021 was 3.25 percent. Multiplying 1.207147 by 0.032500, and adding the resulting figure to 1.207147, results in 1.246380.

---

[3] Plaintiffs derived this and all average yearly figures using the same method described in *Ewan v. Islamic Republic of Iran*, 466 F. Supp. 3d 236, 250 n.3 (D.D.C. 2020) (Bates, J.), cited by the Court in footnote 46. Bellwether Opinion, Dkt. 78 at 122 n.46.

- As discussed above, the court used a discounted average prime rate of 2.2344 percent for 2022. Multiplying 1.246380 by .022344, and adding the resulting figure to 1.246380, results in 1.274229.

Accordingly, Plaintiffs respectfully submit that the correct multiplier for Mr. King and Ms. Miller's prejudgment interest should be 1.274229.

### III. THE COURT SHOULD MODIFY ITS JUDGMENT AND AWARD MR. KING AND MS. MILLER THE CORRECT AMOUNT OF PREJUDGMENT INTEREST

In light of the above, Plaintiffs believe that the Court made a clerical mistake when calculating Mr. King and his family's prejudgment interest. Using the same steps that the Court outlined in footnote 46, we believe that Mr. King's prejudgment-interest multiplier should be 1.274229. Applying that figure would provide Mr. King with $14,016,521.65 in compensatory damages including prejudgment interest, and would provide Ms. Miller with $1,990,983.19 in compensatory damages including prejudgment interest. This represents $2,770,773.93 in additional compensation for Mr. King and $393,570.16 for Ms. Miller, as compared to the damages previously awarded, *see* Dkt. 77 (Order).

The Court is empowered to correct this mistake. Because "the record indicates that the court intended to do one thing"—calculate Mr. King's prejudgment interest from August 7, 2016, using the process described in footnote 46—"but, by virtue of a clerical mistake or oversight, did another"—calculate his prejudgment interest from January 1, 2022—the Court can correct its Order under Federal Rule of Civil Procedure 60(a). *Fanning*, 312 F.R.D. at 239. The error here apparently results from "pure inadvertence, rather than a mistaken exercise of judgment." *King*, 930 F. Supp. 2d at 46. But even if the Court concludes that the incorrect prejudgment interest multiplier was not the result of a clerical mistake, the Court can also

5

exercise its broad discretion to modify its Order under Federal Rule of Civil Procedure 60(b)(1) or (b)(6).

## CONCLUSION

The Court should modify its Order awarding damages for Kevin King and Stephanie Miller to award them $14,016,521.65 and $1,990,983.19, respectively.

Dated:  December 7, 2022

                                                  Respectfully submitted,

*/s/ Joshua D. Branson*
Joshua D. Branson (D.C. Bar No. 981623)
Andrew E. Goldsmith (D.C. Bar No. 1007074)
Grace W. Knofczynski (D.C. Bar No. 15000407)
James A. Ruck (D.C. Bar No. 1739309)
Kellogg, Hansen, Todd,
  Figel & Frederick, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel:  (202) 326-7900
Fax:  (202) 326-7999
jbranson@kellogghansen.com
agoldsmith@kellogghansen.com
gknofczynski@kellogghansen.com
jruck@kellogghansen.com

Ryan R. Sparacino (D.C. Bar No. 493700)
Sparacino PLLC
1920 L Street, NW, Suite 835
Washington, D.C. 20036
Tel:  (202) 629-3530
ryan.sparacino@sparacinopllc.com

*Counsel for Cabrera Plaintiffs and Zambon Afghanistan-Based Plaintiffs*

7

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this Seventh day of December, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

                                                            */s/ Joshua D. Branson*
                                                            Joshua D. Branson