IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUGUST CABRERA, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>　　　　　　Defendant. | Case No. 19-cv-3835-JDB |
| MARK ZAMBON, *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>　　　　　　Defendant. | Case No. 18-cv-02065-JDB |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINTS**

As the Court invited in its last Case Management Order (Dkt. 114, ¶ 3),[1] Plaintiffs seek permission to file Amended Complaints in each of these consolidated cases—specifically, a Third Amended Complaint in *Cabrera* and a First Amended Complaint in *Zambon*.[2] Plaintiffs intend to add 65 new Plaintiffs who are family members of existing attack victims in this litigation, as well as to substitute the estates for three Plaintiffs who have passed away since

---

[1] Unless otherwise specified, citations to "Dkt." are to the docket entries in *Cabrera v. Islamic Republic of Iran*, No. 19-cv-3835-JDB.

[2] The Court consolidated the *Zambon* case with *Blunt v. Islamic Republic of Iran*, No. 19-cv-1696-EGS (D.D.C.). *See* Minute Order (Dec. 23, 2020).

filing their claims. The remaining proposed changes provide ministerial updates to each of the operative Complaints:

- Updating the legal name of 13 Plaintiffs who have since changed their name;

- Correcting the names of 28 Plaintiffs whose were inadvertently misidentified in the operative Complaints;

- Adding the names of 31 Plaintiffs who were minors (and thus represented by a legal guardian) when their claims were filed, but who have since become adults and wish to proceed in their own capacity; and

- Correcting the country where a single Plaintiff's attack occurred.

The proposed Amended Complaints, with redlines contrasting them to the currently operative Complaints, are attached.[3]

### ARGUMENT

**I.    The Court Should Grant Leave to File the Amended Complaints**

The Court should grant leave to file a Third Amended Complaint in *Cabrera* and a First Amended Complaint in *Zambon* under Federal Rules of Civil Procedure 15(a)(2), 21, and 25(a). A discussion of each proposed change follows.

    **A.    Adding New Plaintiffs**

In its Case Management Order, the Court invited Plaintiffs to include in this Motion "any additional plaintiffs who seek leave to join these cases because they are additional family-member plaintiffs of existing direct victims." Dkt. 114, ¶ 3. The proposed Amended Complaints

---

[3] In addition, to preserve the already existing paragraph numbers, Plaintiffs in *Cabrera* and *Zambon* have replaced paragraphs containing an allegation by former Plaintiffs who have since voluntarily dismissed their claims with language to that effect. *See, e.g.*, *Cabrera* Dkts. 25, 81.

add 65 new Plaintiffs who fit that description. Of those, 35 are additional family members of existing direct victims in *Cabrera*. The remaining 30 are additional family members of existing direct victims in *Zambon*.

Good cause exists to add these new Plaintiffs to the existing Complaints. It is "well established" that "the standards for adding parties are the same whether the motion is made under Rule 15 or Rule 21." *Bayatfshar v. Aeronautical Radio, Inc.*, 934 F. Supp. 2d 138, 143 (D.D.C. 2013). Leave to amend shall be "freely give[n] . . . when justice so requires," Fed R. Civ. P. 15(a)(2), and courts may add new parties "at any time, on just terms," Fed. R. Civ. P. 21. Adding the proposed new Plaintiffs' claims would promote judicial economy and create no prejudice. Each proposed new Plaintiff has an independent right to bring their claims. If they were to bring their claims separately, they would have to make identical liability showings as required in this litigation. Including these Plaintiffs in this ongoing litigation instead is more efficient. Leave to amend is particularly warranted here because Iran has defaulted and so will incur no prejudice from the proposed amendments.[4] Furthermore, there is no "undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by previous amendments, or futility of amendment." *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (alterations accepted) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Counsel did not represent these proposed new Plaintiffs when the operative Complaints were filed. And the proposed amendments "do not radically alter the scope and nature of the action," but simply seek to add

---

[4] Plaintiffs intend to re-serve the Islamic Republic of Iran with any Amended Complaint in accordance with 28 U.S.C. § 1608.

additional family members related to the victims whose claims are already before the Court. *Estate of Gaither ex rel. Gaither v. District of Columbia*, 272 F.R.D. 248, 252 (D.D.C. 2011).

For these reasons, courts in this District routinely allow the addition of new Plaintiffs in default-judgment cases against state sponsors of terrorism. *See, e.g.*, *Opati v. Republic of Sudan*, 978 F. Supp. 2d 65, 66 (D.D.C. 2013) (Bates, J.) (granting motion for leave to amend an FSIA complaint to include, among others, new plaintiffs that were "additional family members of current plaintiffs"); Motion for Leave to File Second Amended Complaint ¶ 9, *Neiberger v. Islamic Republic of Iran*, No. 1:16-cv-2193, Dkt. 46 (plaintiffs asking leave "to file their Second Amended Complaint in order to get all the appropriate parties before the Court"); Minute Order of December 13, 2019, *Neiberger*, 1:16-cv-2193 (granting leave to file the same).

The proposed new Plaintiffs in *Cabrera* are:

| New Plaintiff Name | Existing Direct Victim Related to | Relationship to Existing Direct Victim | Location of Direct-Victim Allegations |
|---|---|---|---|
| Karen Suzanne Zelko | John Zelko III | Mother | ¶¶ 2459–60 |
| Jennifer Marie Zelko | John Zelko III | Sister | ¶¶ 2459–60 |
| Trent Donald Zelko | John Zelko III | Brother | ¶¶ 2459–60 |
| John R. Zelko Jr. | John Zelko III | Father | ¶¶ 2459–60 |
| Clifford E. Ausborn | Jeffrey Onial Ausborn | Father | ¶¶ 1859–60 |
| Alice Faye Ausborn | Jeffrey Onial Ausborn | Mother | ¶¶ 1859–60 |
| Todd Brodeur | David L. Brodeur | Brother | ¶¶ 349–50 |
| Amanda Brodeur Brotherton | David L. Brodeur | Sister | ¶¶ 349–50 |
| Robert Rivera | David E. Cabrera | Foster Brother | ¶¶ 160–61 |
| David Edward Bean | David E. Cabrera | Foster Brother | ¶¶ 160–61 |

4

| New Plaintiff Name | Existing Direct Victim Related to | Relationship to Existing Direct Victim | Location of Direct-Victim Allegations |
|---|---|---|---|
| Teresa Bernstein | Nicholas R. Carnes | Widow | ¶¶ 403–04 |
| Amber Jean Rogers | Rusty H. Christian | Widow | ¶¶ 432–33 |
| T.M.C., by and through her next friend Amber Jean Rogers | Rusty H. Christian | Daughter | ¶¶ 432–33 |
| G.J.C., by and through his next friend Amber Jean Rogers | Rusty H. Christian | Son | ¶¶ 432–33 |
| James Franklin Ball | Rusty H. Christian | Stepfather | ¶¶ 432–33 |
| Lauren Ashley Culbreth | Justin E. Culbreth | Sister | ¶¶ 501–02 |
| K.L.F., by and through his next friend Robert Walter Lentz | Dillon Foxx | Son | ¶¶ 1990–91 |
| Mary Elizabeth Rich | Matthew Freeman | Sister | ¶¶ 1994–95 |
| Alejandro Olan Granado IV | Alejandro Granado III | Son | ¶¶ 764–65 |
| Amanda Christine Granado | Alejandro Granado III | Daughter | ¶¶ 764–65 |
| María Dolores Hunter | Eric M. Hunter | Stepmother | ¶¶ 899–900 |
| Sadie Nicole Hunter | Eric M. Hunter | Sister | ¶¶ 899–900 |
| Sage River Saladin | Brandon Kreischer | Stepbrother | ¶¶ 2122–23 |
| Braydon Tyler Nichols | Bryan J. Nichols | Son | ¶¶ 1167–68 |
| Joseph William Prescott | Brandon Joseph Prescott | Father | ¶¶ 1252–53 |
| Derek Rodriguez | Rodolfo Rodriguez Jr. | Son | ¶¶ 1337–38 |
| K.R., by and through his next friend Melissa Rodriguez | Rodolfo Rodriguez Jr. | Daughter | ¶¶ 1337–38 |
| Melissa Rodriguez | Rodolfo Rodriguez Jr. | Widow | ¶¶ 1337–38 |
| Holli Jean Jensen | Chad M. Trimble | Sister | ¶¶ 1569–70 |

| New Plaintiff Name | Existing Direct Victim Related to | Relationship to Existing Direct Victim | Location of Direct-Victim Allegations |
|---|---|---|---|
| Bruce Atlas | Marcus A. Tynes | Stepfather | ¶¶ 1580–81 |
| Adrianna Gretchen Vargo | Todd Weaver | Sister | ¶¶ 2418–19 |
| Kristina Nell Weaver | Todd Weaver | Sister | ¶¶ 2418–19 |
| Glenn Allen Weaver | Todd Weaver | Brother | ¶¶ 2418–19 |
| Kaila Carrier | Kendra Garza[5] | Sister | *Zambon* ¶ 29 |
| David Pieper | Kendra Garza[6] | Father | *Zambon* ¶ 29 |

And the proposed new Plaintiffs in *Zambon* are:

| New Plaintiff Name | Existing Direct Victim Related to | Relationship to Existing Direct Victim | Location of Direct-Victim Allegations |
|---|---|---|---|
| Scott Brown | Daniel Brown | Father | *Zambon* ¶ 13 |
| Tanya Brown | Daniel Brown | Mother | *Zambon* ¶ 13 |
| Molly Brown | Daniel Brown | Sister | *Zambon* ¶ 13 |
| Andrew Brown | Daniel Brown | Brother | *Zambon* ¶ 13 |
| Luke Brown | Daniel Brown | Brother | *Zambon* ¶ 13 |
| Scott Brown | Samuel Brown | Father | *Zambon* ¶ 15 |
| Tanya Brown | Samuel Brown | Mother | *Zambon* ¶ 15 |
| Molly Brown | Samuel Brown | Sister | *Zambon* ¶ 15 |
| Andrew Brown | Samuel Brown | Brother | *Zambon* ¶ 15 |

---

[5] Kendra Garza is an existing Plaintiff in this consolidated litigation. While Kendra Garza's allegations are included in the *Zambon* Complaint, her sister and father are Plaintiffs in *Cabrera*. *See Zambon* Complaint ¶ 29.

[6] *Id.*

6

| New Plaintiff Name | Existing Direct Victim Related to | Relationship to Existing Direct Victim | Location of Direct-Victim Allegations |
|---|---|---|---|
| Luke Brown | Samuel Brown | Brother | *Zambon* ¶ 15 |
| G.A.D., represented by his legal guardian Kaytlin Draughn | Larry Draughn, Jr. | Son | *Zambon* ¶ 19 |
| Gina Duarte | Curtis Duarte | Mother | *Zambon* ¶ 21 |
| Lena Gonzalez | Dominic Fernandez | Mother | *Zambon* ¶ 25 |
| Festus Fox | Michael Fox | Father | *Blunt* ¶ 17 |
| Victoria Fox | Michael Fox | Stepmother | *Blunt* ¶ 17 |
| Sheila Fox | Michael Fox | Sister | *Blunt* ¶ 17 |
| Guy Fox | Michael Fox | Stepbrother | *Blunt* ¶ 17 |
| Margaret Jones | Michael Fox | Mother | *Blunt* ¶ 17 |
| Richard Jones | Michael Fox | Stepfather | *Blunt* ¶ 17 |
| Christine Lawrence | Michael Fox | Sister | *Blunt* ¶ 17 |
| Festus Fox III | Michael Fox | Brother | *Blunt* ¶ 17 |
| Morgen Hummel | Adam Hartswick | Mother | *Zambon* ¶ 39 |
| Sean Hartswick | Adam Hartswick | Father | *Zambon* ¶ 39 |
| Jennifer Jergens | Brian Jergens | Wife | *Zambon* ¶ 44 |
| J.C.M., represented by his legal guardian, Kelley Maynard | Jordan Maynard | Son | *Zambon* ¶ 56 |
| Kevin Maynard | Jordan Maynard | Father | *Zambon* ¶ 56 |
| Levi Maynard | Jordan Maynard | Brother | *Zambon* ¶ 56 |
| Nathan Maynard | Jordan Maynard | Brother | *Zambon* ¶ 56 |
| Angela Patterson | Jordan Maynard | Mother | *Zambon* ¶ 56 |

| New Plaintiff Name | Existing Direct Victim Related to | Relationship to Existing Direct Victim | Location of Direct-Victim Allegations |
|---|---|---|---|
| Chelsea Curry | Jordan Maynard | Sister | *Zambon* ¶ 56 |
| Gabriel Morgan | Jedidiah Morgan | Brother | *Zambon* ¶ 62 |
| Lionel Williams | Brian Williams | Father | *Zambon* ¶ 93 |
| Kevin Williams | Brian Williams | Brother | *Zambon* ¶ 93 |
| Jordan Zambon | Mark Zambon | Brother | *Zambon* ¶ 8 |
| Timothy Zambon | Mark Zambon | Brother | *Zambon* ¶ 8 |

Each of these new Plaintiffs have been added in the relevant proposed Amended Complaint.

  **B.**  **Substituting Estates**

  Following the death of a party, so long as the claims are not extinguished by death, a decedent's successor or representative may substitute for the decedent under Federal Rule of Civil Procedure 25(a). Claims under the private right of action in 28 U.S.C. § 1605A(c) are not extinguished by death. To the contrary, § 1605A(c)(4) specifically provides a private right of action for the "legal representative" of an individual who could otherwise bring a claim. Courts in this District thus recognize claims by the legal representative of estates under 28 U.S.C. § 1605A. *See, e.g.*, *Henkin v. Islamic Republic of Iran*, 2021 WL 2914036, at *13 (D.D.C. July 12, 2021) ("The Estate of Eitam (in Case 1184) will recover under § 1605A(c)(4) as the legal representative of a U.S. national."); *Roth v. Syrian Arab Republic*, 2018 WL 4680270, at *11 (D.D.C. Sept. 28, 2018) (same). Indeed, this Court has previously substituted estates for plaintiffs who passed away during the pendency of their § 1605A litigation. *See Sheikh v. Republic of Sudan*, 485 F. Supp. 3d 255, 269 (D.D.C. 2020) (Bates, J.) (granting motions to

substitute and awarding damages to the estates of two plaintiffs who "passed away during the pendency of this litigation").  It should do so again here.

There are three Plaintiffs, all in *Cabrera*, who have passed away since their claims were filed, and whose legal representatives now wish to assert claims on behalf of their estates.  Each of these Plaintiffs has opened—or is in the process of opening—an estate proceeding in the District of Columbia in order to assert these claims.  The original Plaintiffs and the estate representatives for *Cabrera* are:

| Original Plaintiff | Second Amended Complaint Paragraph | Estate Representative | Rep.'s Relationship to Decedent |
|---|---|---|---|
| Tomoe Dunning | 617 | Robert L. Dunning | Husband |
| Gladys Del Valle Montanez | 2167 | Renes Perez | Husband |
| Kurt Zwilling | 2463 | Kathy Gayle Lay | Wife |
| Estate of Jonathan O'Neill[7] | 2222 | Jacqueline O'Neill | Mother |

### C.   Legal Name Changes

There are 13 *Cabrera* Plaintiffs who have legally changed their names since the filing of the Second Amended Complaint.  For example, Ms. Wildman—the lead Plaintiff in *Cabrera*—testified at the evidentiary hearing that she legally changed her name from August Cora Cabrera to August Cora Wildman in April 2021.  *See* Bellwether Hr'g Tr. 548:2-549:6; Plaintiffs Ex. 311.

---

[7] Paragraph 2222 of the Second Amended Complaint mentioned the Estate of SPC O'Neill.  And Paragraph 2216 lists Plaintiff Jacqueline O'Neill as the representative of the Estate.  However, the case caption did not include his Estate.  The only modification that has been made with regards to SPC O'Neill is adding his Estate to the case caption.

Plaintiffs seek leave to file a Third Amended Complaint in *Cabrera* to account for these legal name changes. *See* Fed. R. Civ. P. 15(a)(2). The below chart lists all *Cabrera* Plaintiffs who have legally changed their name.

| Original Plaintiff Name | Second Amended Complaint Paragraph | New Legal Name |
|---|---|---|
| August Cabrera | 162, 164 | August Wildman |
| Angela Fritzges | 263 | Angela Kahler |
| Micael D. Bogar | 325 | Micael D. Gauger |
| Julie Ann Ellis | 636 | Julie Ann Sandifer |
| Lindsey R. Maldonado | 1033 | Lindsey R. Madden |
| Lona L. Bosley | 1273 | Lona L. Gambone |
| Sarah Appenheimer | 1442 | Sarah Ngiraibiochel |
| Natalie Michelle Stiles | 1506 | Natalie Michelle Schoening |
| Melissa Stout | 1513 | Melissa Keener |
| Abrill Renee Williams-Osbourne | 1658 | Abrill Renee Williams |
| Michelle Marie Fischbach | 1697 | Michelle Marie Zimmerman |
| Samantha Daehling | 1932 | Samantha McNamara |
| Vanecia Boyd | 2441 | Vanecia Mitchell |

Plaintiffs thus seek leave to update their Second Amended Complaints to account for these legal name changes.

D.   **Name Corrections**

Plaintiffs also seek leave to correct the names of 28 Plaintiffs—23 in *Cabrera*, five in *Zambon*—who were inadvertently misidentified in the earlier complaints. These include Plaintiffs who were identified by a nickname rather than their formal legal name, Plaintiffs who had a portion of their name or a suffix omitted, and Plaintiffs whose names were misspelled. For the same reasons identified in Part I.A, *supra*, Plaintiffs request leave to file Amended

Complaints correcting these errors and clarifying the legal identity of the Plaintiffs. *See* Fed. R. Civ. P. 15(a)(2).

The below chart lists all name corrections for the *Cabrera* Plaintiffs.

| Original Plaintiff Name | Second Amended Complaint Paragraph | Corrected Plaintiff Name |
|---|---|---|
| Suzanne Renae Martinez | 168 | Suzanne Rene Martinez |
| Kimberley Boucher | 337 | Kimberly Boucher |
| Luis Briseño | 347 | Luis Briseño Alvarez |
| Cheryl A. Culbreth | 503 | Cheryl M. Culbreth |
| Jackie Allen | 598 | Jacqueline Allen |
| Kelli Dodge | 603, 604, 605 | Kelli-Jo Dodge |
| Jerry Randall Evans | 664 | Jerry Randall Evans Sr. |
| Maricruz Garcia | 718 | Maricruz Garcia Velasquez |
| Matt Griffin | 788 | Matthew Griffin |
| Tristyn Hosford | 882 | Tristyn Anthony Vinson-Hosford |
| Michael Kisseloff | 966 | Michael Kisseloff Sr. |
| Albert W. Pucino | 1260 | Albert W. Pucino Jr. |
| Eric Sharp | 1398 | Reuben Eric Sharp |
| Brittney Bullock | 1414 | Britteny Bullock |
| Benjamin Smith | 1443 | Benjiman Smith |
| Lynn Stiles | 1504 | Charles Lynn Stiles |
| Jose Anthony Vazquez | 1589 | Jose Antonio Vazquez Sr. |
| Karyn Marta | 1763 | Karyn Sue Stone |
| George McClintock | 1767 | George McClintock III |
| Steven Flowers | 1801 | Steven Flowers Jr. |
| Kiara Perez | 2168 | Kiara Perez Del Valle |
| Deidre Spencer | 2274, 2275 | Diedre Spencer |

11

| Original Plaintiff Name | Second Amended Complaint Paragraph | Corrected Plaintiff Name |
|---|---|---|
| Susan Schulte | 2341 | Susie Schulte |

And the following chart lists all name corrections for the *Zambon* Plaintiffs.

| Original Plaintiff Name | Original Complaint Paragraph | Corrected Plaintiff Name |
|---|---|---|
| Larry Draughn | *Zambon* at 19–20 | Larry Draughn Jr. |
| Jose Martinez-Hernandez | *Zambon* at 54–55 | Jose Martinez Hernandez |
| Liseth Martinez-Arellano | *Zambon* at 55 | Liseth Martinez Arellano |
| Ricardo Perez Ramos | *Blunt* at 30 | Ricardo PerezRamos |
| Darilyn Perez | *Blunt* at 31–32 | Darilyn Perez Ramos |

Each of these name corrections is rectified in the relevant proposed Amended Complaint.

  **E.**  **Minors**

  There are 31 Plaintiffs—29 in *Cabrera*, two in *Zambon*—who were minors when the operative Complaints were filed but who have since reached the age of majority. Because these Plaintiffs' legal guardians originally asserted claims on their behalf, the operative Complaints identify them solely by their initials under Federal Rule of Civil Procedure 5.2(a)(3). These Plaintiffs now wish to proceed in their own capacity. Plaintiffs believe that justice so requires this amendment in order for their operative Complaints to continue in compliance with Rule 5.2(a)(3). *See* Fed. R. Civ. P. 15(a)(2).

  The below chart lists all Plaintiffs who were formerly minors in *Cabrera*.

| Minor Plaintiff Identification | Second Amended Complaint Paragraph | Plaintiff Name |
|---|---|---|
| M.G.C. | 163 | Maxwell Gavan Cabrera |
| E.L.B. | 353 | Elizabeth L. Brodeur |
| T.D.C. | 467 | Trenton Dean Combs |

| Minor Plaintiff Identification | Second Amended Complaint Paragraph | Plaintiff Name |
|---|---|---|
| B.C. | 493 | Brennan Cox |
| H.D. | 528 | Hope Dandrea |
| E.M.E. | 652 | Elise M. Elwell |
| G.A.S. | 928 | Garrett A. Skeens |
| T.L.S. | 929 | Trent Lorne Skeens |
| K.J. | 946 | Kenderrick Jones |
| I.C. | 947 | I'Kemeyon Crow |
| H.N. | 960 | Hart Norkist |
| M.M. | 1078 | Matthew McDaniel |
| H.R. | 1313 | Halie Ristau |
| R.G. | 1335 | Raven George |
| G.S. | 1407 | Gage Siercks |
| M.B. | 1448 | Miracle Burton |
| O.M.S. | 1471 | Owen M. Southworth |
| A.E.W. | 1637 | Anthony Evan White |
| Z.L.W. | 1638 | Zachary Luke White |
| A.J.Q. | 1722 | Alexis J. Quisenberry |
| A.J.J. | 1751 | Ayzia J. Jayne |
| M.R.W. | 1752 | Marius R. Washington |
| A.M.L. | 1761 | Alexis Marie Lembke |
| C.W. | 1824 | Chase Wallace |
| A.G. | 2019 | Alexandria Green |
| M.G.N. | 2202 | Molly G. Nichols |
| S.M.P. | 2336 | Sheeshta Marie Perry |
| C.E.S. | 2378 | Carly Elizabeth Strange |
| K.N.V. | 2409 | Kaiakaku'uikala'iokealoha Noah Vickers |

And the following chart lists all Plaintiffs who were formerly minors in *Zambon*.

| Minor Plaintiff Identification | Original Complaint Paragraph | Plaintiff Name |
|---|---|---|
| N.F. | *Zambon* at 27 | Nadia Fernandez |
| D.G. | *Zambon* at 35 | Daymian Gomez |

Each proposed Amended Complaint accounts for these recent developments.

### F. Miscellaneous

The country of attack for Plaintiff Ramiro Flores in *Zambon* was inadvertently misidentified in the Original Complaint. Plaintiff Ramiro Flores's attack occurred as detailed in Iraq, rather than Afghanistan.[8] *See Zambon* Complaint ¶ 28. For the same reasons identified in Part I.A, *supra*, Plaintiffs request leave to file a First Amended Complaint in *Zambon* correcting that error and clarifying the correct country where the attack occurred. *See* Fed. R. Civ. P. 15(a)(2).

### CONCLUSION

The Court should grant Plaintiffs' Motion for leave to file a Third Amended Complaint in *Cabrera* and a First Amended Complaint in *Zambon*. A proposed Order is attached.

---

[8] Plaintiff Ramiro Flores's claims should proceed with the Iraq-based *Zambon* Plaintiffs, pursuant to the Court's previous order. *See Zambon* Dkt. 30.

Dated: February 1, 2023

                                                            Respectfully submitted,

                                                            */s/ Joshua D. Branson*

| | |
|---|---|
| Robert W. Cowan | Joshua D. Branson (D.C. Bar No. 981623) |
| DC Bar No. TX0148 | Andrew E. Goldsmith (D.C. Bar No. 1007074) |
| Katie R. Caminati | Grace W. Knofczynski (D.C. Bar No. 15000407) |
| TX Bar No. 24098079 | James A. Ruck (D.C. Bar No. 1739309) |
| Bailey Cowan Heckaman PLLC | Kellogg, Hansen, Todd, |
| Four Oaks Place |   Figel & Frederick, P.L.L.C. |
| 1360 Post Oak Blvd., Suite 2300 | 1615 M Street, N.W., Suite 400 |
| Houston, Texas 77056 | Washington, D.C. 20036 |
| Telephone: (713) 425-7100 | Tel: (202) 326-7900 |
| Facsimile: (713) 425-7101 | Fax: (202) 326-7999 |
| rcowan@bchlaw.com | jbranson@kellogghansen.com |
| kcaminati@bchlaw.com | agoldsmith@kellogghansen.com |
| | gknofczynski@kellogghansen.com |
| | jruck@kellogghansen.com |

*Counsel for Zambon Afghanistan-Based Plaintiffs*

                                                            Ryan R. Sparacino (D.C. Bar No. 493700)
Sparacino PLLC
1920 L Street, NW, Suite 835
Washington, D.C. 20036
Tel: (202) 629-3530
ryan.sparacino@sparacinopllc.com


*Counsel for Cabrera Plaintiffs and Zambon Afghanistan-Based Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of February, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

*/s/ Joshua D. Branson*
Joshua D. Branson