**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AUGUST CABRERA, *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 19-cv-3835-JDB |
| ISLAMIC REPUBLIC OF IRAN, | |
| Defendant. | |
| MARK ZAMBON, *et al.*, | |
| Plaintiffs, | |
| v. | Case No. 18-cv-02065-JDB |
| ISLAMIC REPUBLIC OF IRAN, | |
| Defendant. | |

**AFGHANISTAN-BASED PLAINTIFFS' MOTION FOR
DEFAULT JUDGMENT FOR TRANCHE 1 PLAINTIFFS**

Under this Court's Case Management Order, Dkt. 114[1], Plaintiffs file this motion for default judgment for the Tranche 1 Plaintiffs against the Islamic Republic of Iran ("Iran").

## BACKGROUND

Plaintiffs are American service members and civilians, and their family members, who were injured or killed in attacks in Afghanistan by the Taliban-led terrorist Syndicate.  They bring claims against Iran under the FSIA's terrorism exception (28 U.S.C. § 1605A) for providing material support for these attacks.  *See* Second Amended Complaint (Dkt. 30), ¶¶ 1-5, 10-12.  The Court granted Plaintiffs' previous motion for a default judgment as to 112 bellwether Plaintiffs, issuing two memorandum opinions in the process.  *See* Dkts. 78 and 137.  The Court should now do the same for this first tranche of non-bellwether Plaintiffs.

In its first Memorandum Opinion — after finding that it had jurisdiction, holding Iran liable for materially supporting the bellwether attacks, and awarding damages to a subset of the bellwether Plaintiffs under 28 U.S.C. § 1605A(c) — the Court stated it would appoint Special Masters to make recommendations regarding the liability and damages of non-bellwether Plaintiffs.  *See* Dkt. 78 at 126.  The Court ordered Plaintiffs to litigate the claims of the non-bellwether Plaintiffs in two tranches.  Dkt. 114.  The Court then appointed ten Special Masters on December 13, 2022 to consider the claims of the Tranche 1 Plaintiffs.  Dkt. 129.  Plaintiffs made written submissions to the appointed Special Masters for each of the Tranche 1 Plaintiffs on April 3, 2023, as required by the Case Management Order, Dkt. 114.  The Special Masters have completed their work.  Plaintiffs now move for default judgment for the Tranche 1 Plaintiffs, based on the Special Masters' Reports and Recommendations and supporting

---

[1] Unless otherwise specified, citations to "Dkt." are to the docket entries in *Cabrera v. Islamic Republic of Iran*, No. 19-cv-3835-JDB.

evidence, which we are submitting concurrently.[2]  *Id.*  The Court should enter default judgment against Iran for these Plaintiffs.

## I.      TRANCHE 1 PLAINTIFFS

Tranche 1 contains 800 Plaintiffs, associated with 276 direct victims and 235 total attacks.  These numbers are broadly consistent with the numbers in Plaintiffs' motion for a case management order, Dkt. 113, which predicted that Tranche 1 would include "817 Plaintiffs, associated with 275 direct victims and roughly 228 attacks."  *Id.* at 3.  Plaintiffs noted that the numbers would vary slightly because of the addition of new family-member Plaintiffs from the Third Amended Complaint,[3] which was filed after the motion for a case management order, and because of difficulty communicating with certain clients.  *Id.* at 3 n.2.  As anticipated, the number of Plaintiffs decreased slightly to 800.  And the number of direct victims remained almost the same — increasing by one.  Now that the experts' attribution analysis is complete, the number of attacks in Tranche 1 also rose slightly to 235.

## II.     SPECIAL MASTER ASSIGNMENTS

Plaintiffs' counsel divided the Tranche 1 Plaintiffs among the ten appointed Special Masters based on each Special Master's availability.  All Plaintiffs associated with a single attack were assigned to the same Special Master.  If possible, Plaintiffs' counsel assigned attacks based on the same location or tactics to increase efficiency.  Plaintiffs' counsel provided the Special Masters with supporting evidence and requested damages awards for each of their assigned Tranche 1 Plaintiffs on April 3, 2023.  Because of changes in availability — and to

---

[2] Plaintiffs likely will file a few targeted objections to some aspects of the Special Masters' Reports and Recommendations by August 31, 2023, as required by the Order Adopting Administrative Plan Concerning Special Masters, Dkt. 128.

[3] Plaintiffs are serving the Third Amended Complaint, Dkt. 133, along with the default judgments for the second set of bellwether Plaintiffs on Iran under 28 U.S.C. § 1608.

ensure that all Special Masters could submit their reports by the Court's August 1, 2023 deadline — a few claims were reassigned to different Special Masters during the report-drafting phase.

Each Special Master prepared a report, recommending findings on:  (1) whether the Court has subject-matter jurisdiction over each Plaintiff's claims under 28 U.S.C. § 1605A; (2) whether each Plaintiff stated a claim under the private right of action in § 1605A(c); and (3) the scope of each Plaintiff's damages.  *See* Dkt. 128 at 2-3.  In reaching their recommendations, the Special Masters followed the Court's July 19, 2022 Memorandum Opinion.  Dkt. 78.  On May 16, 2023, while the Tranche 1 Special Masters were drafting their reports, the Court issued another memorandum opinion and entered final judgment for the remaining bellwether Plaintiffs whose damages claims it had earlier referred to Special Masters.  Dkts. 137 and 138.[4]  Plaintiffs promptly provided the Special Masters with this new decision and updated some of the requested damages awards to ensure consistency with the Court's Order.

## III.      TRANCHE 1 SUBMISSION

Plaintiffs now file, under seal, the Reports and Recommendations from the ten Special Masters appointed by the Court to consider claims in Tranche 1:

>Report and Recommendation of David L. Broom (Ex. 1)
>Report and Recommendation of Christopher A. Byrne (Ex. 2)
>Report and Recommendation of Eric D. Green (Ex. 3)
>Report and Recommendation of Paul G. Griffin (Ex. 4)
>Report and Recommendation of Shelby R. Grubbs (Ex. 5)
>Report and Recommendation of Lester J. Levy (Ex. 6)
>Report and Recommendation of Susan Meek (Ex. 7)
>Report and Recommendation of Brad Pigott (Ex. 8)
>Report and Recommendation of Stephen Allan Saltzburg (Ex. 9)
>Report and Recommendation of C. Jackson Williams (Ex. 10)

---

[4] The Court dismissed the claims of one Plaintiff, K.E.F.V., because she was still in utero at the time of the terrorist attack killing her father.  *See* Dkt. 137 at 13.  K.E.F.V. has appealed to the D.C. Circuit.  Dkt. 178.  There are other Plaintiffs who were in utero at the time of the relevant attacks, but because their claims would fail under this Court's decision, Plaintiffs' counsel removed them from Tranche 1.  Depending on the outcome of K.E.F.V.'s appeal, they may be included in Tranche 2.  *See supra* at 1.

Some Special Masters prepared a single Report and Recommendation about all of their assigned Plaintiffs, while others prepared a separate Report and Recommendation for each assigned attack.  Plaintiffs have compiled the separate Reports and Recommendations into a single PDF for ease of submission.

As required by the Court's order, Plaintiffs are also submitting the written evidence on which the Special Masters' Reports and Recommendations are based.  *See* Dkt. 114.  *First*, each Special Master's Report and Recommendation includes a compendium of damages declarations for Plaintiffs assigned to that Special Master.  The compendium is attached as Exhibit A to each of the Reports and Recommendations, and the declarations appear in the same order as Plaintiffs in the Report and Recommendation.  Some Special Masters requested updated declarations for a few Plaintiffs.  For those Plaintiffs, the compendium contains only the updated declaration.  A few of the damages declarations also have accompanying exhibits.[5]

*Second*, Plaintiffs provided the Special Masters with an Excel workbook for calculating prejudgment interest on individual damages awards and a counsel declaration explaining how to use that workbook.  These workbooks are similar to those Plaintiffs provided to the Court as part of previous damages filings.  *See*, *e.g.*, Dkts. 73-1 and 73-2.  The relevant counsel declaration is attached as Exhibit B to each Report and Recommendation and the PDF of the workbook is attached as Exhibit C.[6]

---

[5] One of the exhibits — the medical records for SPC Jonathan O'Neill, who was injured in a June 2, 2006 IED-attack in Paktia Province — is larger than the document size limit for filing through ECF. SPC O'Neill is included in Special Master Byrne's Report and Recommendation.  Plaintiffs are providing the Court with an electronic copy of this exhibit.

[6] The declarations and workbook PDFs were provided to the Special Masters on April 3, 2023. The requested damages awards shown in the final sheet of each PDF thus do not reflect Plaintiffs' revisions after the Court's May 16, 2023 Opinion.  They also include damages requests for the in utero plaintiffs who were subsequently removed from Tranche 1.  *See supra* at n.4.  The Plaintiffs associated with the following six attacks appear in the declarations and workbook PDF provided to Special Master

*Third*, the Special Masters also relied on expert reports analyzing the terrorist attacks. As Plaintiffs previewed when seeking a Case Management Order governing the Tranche 1 claims, Plaintiffs divided the Tranche 1 attacks between two experts:  LTC Steven Wood (Ret.) and Dr. Daveed Gartenstein-Ross. *See* Dkt. 113 at 4-5. LTC Wood testified live at the evidentiary hearing in October 2021, and the Court qualified him as an expert in "attack attribution analysis." Dkt. 78 at 9. The Court adopted LTC Wood's "sliding scale" methodology for attributing an attack to a particular terrorist group, based largely on the geography and time period and the tactics, techniques, and procedures. *Id.* at 27, 32-37. Dr. Gartenstein-Ross' qualifications are set forth in section II of his expert report. *See* Gartenstein-Ross Tranche 1 Expert Report (Ex. 11) at 2-9. He applied the same methodology that the Court adopted in its July 19, 2022 Memorandum Opinion. *See id.* at 10. Plaintiffs are filing both expert reports with the Court. *See* Gartenstein-Ross Tranche 1 Expert Report (Ex. 11); Wood Tranche 1 Expert Report (Ex. 12). As with the expert reports filed previously, Plaintiffs are providing electronic copies of the exhibits for the Court's reference. *See* Dkt. 59.

Plaintiffs have also prepared Excel workbooks to aid the Court's evaluation. The first is a Master Tranche 1 spreadsheet, which contains a separate entry for each of the 800 Plaintiffs in Tranche 1. Along with each Plaintiff's name, which appears in Column A, this spreadsheet contains the relevant direct victim's name (Column B), and that Plaintiff's relationship to that direct victim (Column C). It also has a brief description of the relevant terrorist attack (Column D) and the bellwether geography where that attack occurred (Column E). Columns F and G indicate the Special Master who considered that Plaintiff's claim and the Expert who analyzed the relevant attack. Columns J and K contain the awards (pain and suffering or solatium) that

Williams but were subsequently reassigned to Special Master Green:  2009 07 07 IED Attack in Herat; 2010 02 05 IED Attack in Badghis; 2010 09 18 Small Arms Attack in Faryab; 2011 04 24 IED Attack in Badghis; 2011 06 14 IED Attack in Farah; and 2012 04 04 Suicide Attack in Faryab.

Plaintiffs requested — as updated following the Court's May 16, 2023 Memorandum Opinion (Dkt. 137).  *See supra* at 4.  Columns L and M show the award that the Special Master recommended for each Plaintiff.  Plaintiffs are filing a PDF printout of this spreadsheet concurrently, *see* Ex. 13, and are providing a native version to the Court electronically.

Finally, Plaintiffs are providing a set of Excel workbooks that calculate the prejudgment interest on any damages awards the Court issues.  These are similar to the workbooks that Plaintiffs provided to each Special Master on April 3, 2023 — but updated to contain the awards the Special Master recommended and reflect changes in Plaintiff assignment and participation. Plaintiffs are providing the native version of all ten workbooks to the Court electronically.

## CONCLUSION

The Court should enter default judgment against Iran for the Tranche 1 Plaintiffs.

Dated:  August 1, 2023

Respectfully submitted,

*/s/ Joshua D. Branson*

Robert W. Cowan
DC Bar No. TX0148
Bailey Cowan Heckaman PLLC
Four Oaks Place
1360 Post Oak Blvd., Suite 2300
Houston, Texas 77056
Telephone: (713) 425-7100
Facsimile: (713) 425-7101
rcowan@bchlaw.com

Joshua D. Branson (D.C. Bar No. 981623)
Andrew E. Goldsmith (D.C. Bar No. 1007074)
Grace W. Knofczynski (D.C. Bar No. 1500407)
James A. Ruck (D.C. Bar No. 1739309)
Kellogg, Hansen, Todd,
  Figel & Frederick, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel:  (202) 326-7900
Fax:  (202) 326-7999
jbranson@kellogghansen.com
agoldsmith@kellogghansen.com
gknofczynski@kellogghansen.com
jruck@kellogghansen.com

*Counsel for Zambon Afghanistan-Based
Plaintiffs*

Ryan R. Sparacino (D.C. Bar No. 493700)
Sparacino PLLC
1920 L Street, NW, Suite 835
Washington, D.C. 20036
Tel:  (202) 629-3530
ryan.sparacino@sparacinopllc.com

*Counsel for Cabrera Plaintiffs and Zambon
Afghanistan-Based Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 1st day of August, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

*/s/ Joshua D. Branson*
Joshua D. Branson