**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AUGUST CABRERA, *et al*., <br><br>                    Plaintiffs, <br><br>          v. <br><br> ISLAMIC REPUBLIC OF IRAN, <br><br>                    Defendant. | Case No. 19-cv-3835-JDB |
| MARK ZAMBON, *et al*., <br><br>                    Plaintiffs, <br><br>          v. <br><br> ISLAMIC REPUBLIC OF IRAN, <br><br>                    Defendant. | Case No. 18-cv-2065-JDB |

**PLAINTIFFS' MOTION TO VACATE THE COURT'S PRIOR
DEFAULT JUDGMENTS FOR FIVE DECEASED PLAINTIFFS AND
<u>REENTER DEFAULT JUDGMENTS FOR THEIR SUBSTITUTED ESTATES</u>**

Plaintiffs respectfully move the Court to vacate the Court's final judgments for five Plaintiffs who are now deceased:  Bobby Joe Anderson, Clifford E. Ausborn, Gabriel Negron, Marvin Negron, and Jimmy Smith.  *See* Order, Dkt.[1] 264 at 9, 13, 17, 20 (final judgments for these five Plaintiffs).  And after vacating the final judgments for these five Plaintiffs, the Court should reenter final judgments on behalf of these five Plaintiffs' estates—the proper parties before this Court.  On August 26, 2024, Plaintiffs filed a motion for substitution of estates on behalf of these deceased Plaintiffs.  Dkt. 280.  The Court granted Plaintiffs' motion—ordering "that the estates are hereby substituted."  Sept. 11, 2024 Minute Order.

Given the substitution of the estates for the five deceased Plaintiffs, the Court should now vacate the prior final judgments for these five Plaintiffs and reenter final judgments on behalf of the five Plaintiffs' estates.  Federal Rule of Civil Procedure 60 provides that on motion, a "court may relieve a party or its legal representative from a final judgment, order, or proceeding" for "any [] reason that justifies relief."  Fed. R. Civ. P. 60(b), (b)(6).  Rule 60(b)(6) "gives [this Court] broad latitude to relieve a party from a judgment for 'any other reason justifying relief from the operation of a judgment.'"  *Lightfoot v. District of Columbia*, 555 F. Supp. 2d 61, 70 (D.D.C. 2008) (alteration in original) (citation omitted).

The Court's substitution of the estates for the now-deceased Plaintiffs "justifies relief" from the Court's final judgments for these five deceased Plaintiffs.  Fed. R. Civ. P. 60(b)(6).  Because the claims under the private right of action in 28 U.S.C. § 1605A(c) are not extinguished by death, the Court substituted the estates to serve as the "legal representative[s]" of the deceased Plaintiffs.  Accordingly, it is appropriate for the Court to vacate the final default

---

[1] Unless otherwise specified, citations to "Dkt." are to the docket entries in *Cabrera v. Islamic Republic of Iran*, No. 19-cv-3835-JDB.

judgments for the five Plaintiffs who are now deceased to permit the Court to reenter final judgments on behalf of their estates—the proper parties before this Court.

The below chart shows the five deceased Plaintiffs and their previously awarded damages from the Court's Order.  *See* Dkt. 264 at 9, 13, 17, 20.

| Deceased Plaintiff | Pain-and-Suffering or Solatium Damages | Compensatory Damages Plus Pre-Judgment Interest |
|---|---|---|
| Bobby Joe Anderson | $2,500,000 | $4,410,924 |
| Clifford E. Ausborn | $4,000,000 | $6,847,260 |
| Gabriel Negron | $4,000,000 | $7,024,219 |
| Marvin Negron | $2,500,000 | $4,390,137 |
| Jimmy Smith | $4,000,000 | $6,259,283 |

Clifford E. Ausborn, Gabriel Negron, and Jimmy Smith all received a 20% reduction in awards because they were parent-plaintiffs older than 65 years old at the time of the relevant attack and were expected to suffer for a shorter period of time.  *See* Dkt. 272 at 19; Dkt. 264 at 9, 13, 17.  Plaintiffs recognize that the Court has also previously departed downward by 20% for the estates of family-member plaintiffs because they, like older plaintiffs, "suffered for shorter periods of time."  Dkt. 249 at 10.  The Court should thus reenter these three final judgments and award the same damages to their respective estates.

Bobby Joe Anderson and Marvin Negron were both biological siblings of individuals who were killed in the relevant attacks and the Court awarded each the default award of $2.5 million.  *See* Dkt. 231-10 at pdf p. 401; Dkt 264 at 9, 20; Dkt. 231-6 at pdf p. 42.  Awarding their estates each $2 million—reflecting a 20% downward departure from the baseline previously awarded by the Court—is consistent with the Court's precedent.

The below chart contains the requested awards for each of the five Plaintiffs' estates with prejudgment interest calculated as of October 1, 2024.

| Estate | Pain-and-Suffering or Solatium Damages | Compensatory Damages Plus Pre-Judgment Interest |
|---|---|---|
| Estate of Bobby Joe Anderson | $2,000,000 | $3,586,903 |
| Estate of Clifford E. Ausborn | $4,000,000 | $6,960,123 |
| Estate of Gabriel Negron | $4,000,000 | $7,139,999 |
| Estate of Marvin Negron | $2,000,000 | $3,570,000 |
| Estate of Jimmy Smith | $4,000,000 | $6,362,455 |

This request has no impact on the Court's final default judgments for the other Tranche 1 Plaintiffs included in the Court's Order at Dkt. 264.

### CONCLUSION

The Court should grant Plaintiffs' Motion to Vacate the Court's Prior Default Judgments for Five Deceased Plaintiffs and Reenter Default Judgments for their Substituted Estates.  A proposed Order is attached.

Dated:  September 20, 2024

Respectfully submitted,

*/s/ Joshua D. Branson*
Joshua D. Branson (D.C. Bar No. 981623)
Andrew E. Goldsmith (D.C. Bar No. 1007074)
Grace W. Knofczynski (D.C. Bar No. 1500407)
James A. Ruck (D.C. Bar No. 1739309)
Kellogg, Hansen, Todd,
  Figel & Frederick, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel:  (202) 326-7900
Fax:  (202) 326-7999
jbranson@kellogghansen.com
agoldsmith@kellogghansen.com
gknofczynski@kellogghansen.com
jruck@kellogghansen.com

Ryan R. Sparacino (D.C. Bar No. 493700)
Sparacino PLLC
1920 L Street, NW, Suite 835
Washington, D.C. 20036
Tel:  (202) 629-3530
ryan.sparacino@sparacinopllc.com

*Counsel for Cabrera Plaintiffs and Zambon*
*Afghanistan-Based Plaintiffs*

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 20th day of September, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

*/s/ Joshua D. Branson*
Joshua D. Branson
