**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AUGUST CABRERA et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>Defendant. | Civil Action No. 19-3835 (JDB) |
| MARK ZAMBON et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>Defendant. | Civil Action No. 18-2065 (JDB) |

**ORDER**

Upon consideration of [283] Pls.' Mot. to Vacate Ct.'s Prior Default Js. for Five Deceased Pls. & Reenter Default Js. for their Substituted Estates, and the entire record herein, it is hereby

**ORDERED** that the motion is **GRANTED**. The final judgments for the deceased plaintiffs, listed below, are hereby vacated:

| Plaintiff | Pain and Suffering or Solatium Damages | Compensatory Damages Plus Pre-Judgment Interest |
|---|---|---|
| Bobby Joe Anderson | $2,500,000 | $4,410,924 |
| Clifford E. Ausborn | $4,000,000 | $6,847,260 |
| Gabriel Negron | $4,000,000 | $7,024,219 |
| Marvin Negron | $2,500,000 | $4,390,137 |
| Jimmy Smith | $4,000,000 | $6,259,283 |

It is further **ORDERED** that final judgment is entered on behalf of the substituted estates

1

of the five deceased plaintiffs and those estates are awarded damages in the following amounts:

| Plaintiff | Pain and Suffering or Solatium Damages | Compensatory Damages Plus Pre-Judgment Interest |
|---|---|---|
| Estate of Bobby Joe Anderson | $2,000,000 | $3,586,903 |
| Estate of Clifford E. Ausborn | $4,000,000 | $6,960,123 |
| Estate of Gabriel Negron | $4,000,000 | $7,139,999 |
| Estate of Marvin Negron | $2,000,000 | $3,570,000 |
| Estate of Jimmy Smith | $4,000,000 | $6,362,455 |

It is further **ORDERED** that final judgment on liability and damages is directed under Federal Rule of Civil Procedure 54(b) as to all claims by these five substituted estates associated with the relevant attacks assessed by Special Masters Levy, Saltzburg, and Williams in their reports submitted August 1, 2023.  The Court concludes that there is no just reason for delay in entering a final judgment pursuant to Rule 54(b) because Iran, an absent defendant, will not be prejudiced by "staggered appeals or the like," Sheikh v. Republic of Sudan, 485 F. Supp. 3d 255, 274 (D.D.C. 2020), and the estates will be eligible to recover from the U.S. Victims of State Sponsored Terrorism Fund only with "a final judgment," 34 U.S.C. § 20144(c)(2); see U.S. Dep't of Just., Frequently Asked Questions, U.S. Victims of State Sponsored Terrorism Fund, http://www.usvsst.com/faq.php (last accessed September 20, 2024); Fritz v. Islamic Republic of Iran, 324 F. Supp. 3d 54, 66 (D.D.C. 2018) (entering judgment pursuant to Rule 54(b) so plaintiffs would not be "prejudiced in their ability to receive prompt payment of all or some of their compensatory damages awarded from" the Fund); it is further

**ORDERED** that this Order is the final "default judgment" for the above-listed estates' claims to be served on the Islamic Republic of Iran pursuant to 28 U.S.C. § 1608(e).  The Clerk of Court is directed not to issue individual judgments for these claims, as this Order shall constitute that judgment; it is further

**ORDERED** that, because plaintiffs have repeatedly attempted and failed to successfully

2

serve the Islamic Republic of Iran under 28 U.S.C. § 1608(a)(3), see Dkts. 16, 41, 119, 241, Plaintiffs may proceed to serve this default judgment immediately pursuant to 28 U.S.C. § 1608(a)(4); and it is further

ORDERED that this Order has no impact on the Court's final judgments for the other Tranche 1 plaintiffs included in the Court's Order at Dkt. 264.

SO ORDERED.

/s/
_____
John D. Bates
United States District Judge

Dated: October 1, 2024

3