UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUGUST CABRERA, *et al.*,<br><br>   Plaintiffs,<br><br>   v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>   Defendant. | Civil Action No. 19-3835 (JDB) |
| MARK ZAMBON, *et al.*,<br><br>   Plaintiffs,<br><br>   v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>   Defendant. | Civil Action No. 18-2065 (JDB) |

### ORDER

Before the Court is [ECF No.[1] 299] Afghanistan-based plaintiffs' motion for default judgment for in-utero plaintiffs. The Court has already found that Iran is liable for the attacks that took the lives of plaintiffs K.E.F.V., A.M.P., S.G.C.H., and C.L.K.'s family members, but it previously held that the four minor plaintiffs lacked standing because they were in utero at the time of the attacks. See ECF No. 137 at 13–14 (discussing K.E.F.V.); ECF No. 249 at 5–6 (discussing A.M.P.); ECF No. 264 at 6–7 (awarding damages to family of S.G.C.H.); id. at 17 (same for family of C.L.K.). In light of the D.C. Circuit's clarification that in-utero plaintiffs have standing, see generally K.E.F.V. v. Islamic Republic Iran, No. 23-7076 (D.C. Cir. Apr. 29, 2025), the Court awards K.E.F.V., A.M.P., S.G.C.H., and C.L.K. default judgment. It also awards each plaintiff $2,500,000 in solatium damages, plus prejudgment interest. See ECF No. 50 n.2

---

[1] All ECF Numbers refer to the Cabrera docket.

1

(explaining that, if in-utero plaintiffs have standing, a 50% downward departure from the $5,000,000 baseline for children of deceased victims is appropriate). As a result, it is hereby

**ORDERED** that the motion is **GRANTED**; it is further

**ORDERED** that the plaintiffs are awarded damages in the following amounts, plus postjudgment interest at the rate mandated by 28 U.S.C. § 1961(a):

| Plaintiff | Solatium Damages | Total Damages (Solatium plus Prejudgment Interest) |
|---|---|---|
| K.E.F.V. | $2,500,000 | **$4,591,515** |
| A.M.P. | $2,500,000 | **$4,753,656** |
| S.G.C.H. | $2,500,000 | **$4,731,156** |
| C.L.K. | $2,500,000 | **$3,425,630** |

**ORDERED** that final judgment on liability and damages is directed under Federal Rule of Civil Procedure 54(b) as to all claims by these plaintiffs associated with the attacks. The Court concludes that there is no just reason for delay in entering a final judgment pursuant to Rule 54(b) because Iran, an absent defendant, will not be prejudiced by "staggered appeals or the like," Sheikh v. Republic of Sudan, 485 F. Supp. 3d 255, 274 (D.D.C. 2020), and plaintiffs will be eligible to recover from the U.S. Victims of State Sponsored Terrorism Fund only with "a final judgment," 34 U.S.C. § 20144(c)(2); see U.S. Dep't of Just., Frequently Asked Questions, U.S. Victims of State Sponsored Terrorism Fund, http://www.usvsst.com/faq.php (last accessed February 28, 2025); Fritz v. Islamic Republic of Iran, 324 F. Supp. 3d 54, 66 (D.D.C. 2018) (entering judgment pursuant to Rule 54(b) so plaintiffs would not be "prejudiced in their ability to receive prompt payment of all or some of their compensatory damages awards from" the Fund); it is further

**ORDERED** that this Order is the final "default judgment" for the above-listed plaintiffs' claims to be served on the Islamic Republic of Iran pursuant to 28 U.S.C. § 1608(e). The Clerk of Court is directed to not issue individual judgments for these claims, as this Order shall constitute that judgment; and it is further

**ORDERED** that, because plaintiffs have repeatedly attempted and failed to successfully serve the Islamic Republic of Iran under 28 U.S.C. § 1608(a)(3), see ECF Nos. 19, 50, plaintiffs may proceed to serve this default judgment immediately pursuant to 28 U.S.C. § 1608(a)(4).

**SO ORDERED.**

/s/
JOHN D. BATES
United States District Judge

Dated: May 12, 2025