IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUGUST CABRERA, *et al.*,<br><br>                    Plaintiffs,<br><br>     v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>                    Defendant. | Case No. 19-cv-3835-JDB |
| MARK ZAMBON, *et al.*,<br><br>                    Plaintiffs,<br><br>     v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>                    Defendant. | Case No. 18-cv-02065-JDB |

**PLAINTIFFS' MOTION TO AMEND OR ALTER
THE FINAL JUDGMENT OF SEVEN TRANCHE 2 PLAINTIFFS**

Plaintiffs respectfully request that the Court amend its final judgment dismissing for lack of subject-matter jurisdiction the claims of seven Tranche 2 Plaintiffs: Carey DuVal, Danica Thomas, L.T., F.S., Dawn Marie Pattee, Kristen Colleen Luncers, and Jalisa Marie Stark. *See* Dkts. 303, 304.[1] The Court should modify its judgment to provide that these Plaintiffs' claims are stayed rather than dismissed—identical relief to what the Court ordered for another *Borochov v. Islamic Republic of Iran*-affected Plaintiff, SPC Kyle Stewart. *See Zambon* Dkt. 296. This

---

[1] Unless otherwise specified, citations to "Dkt." are to the docket entries in *Cabrera v. Islamic Republic of Iran*, No. 19-cv-3835-JDB.

will allow time for the Supreme Court to rule on the pending petition for writ of certiorari in *Borochov*, S. Ct. Case No. 24-277.

* * *

Federal Rule of Civil Procedure 59 allows a court to alter or amend a judgment. Fed. R. Civ. P. 59(e). "The District Court has considerable discretion in ruling on a Rule 59(e) motion." *Piper v. U.S. Dep't of Justice*, 312 F. Supp. 2d 17, 20 (D.D.C. 2024) (citing *Rann v. Chao*, 209 F. Supp. 2d 75, 78 (D.D.C. 2002)). Among other reasons, a "court properly invokes its discretion to grant a Rule 59(e) motion" to "prevent manifest injustice." *Id.* at 20-21 (citing *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057-1058 (D.C. Cir. 1998)). "Manifest injustice" is not precisely defined, *AARP v. EEOC*, 292 F. Supp. 3d 238, 241 (D.D.C. 2017) (Bates, J.), but it "requires at least (1) a clear and certain prejudice to the moving party that (2) is fundamentally unfair in light of governing law." *Leidos, Inc. v. Hellenic Republic*, 881 F.3d 213, 217 (D.C. Cir. 2018) (internal quotation marks omitted).

It would be manifestly unjust to dismiss these seven Plaintiffs' claims with prejudice now. This Court dismissed their claims, holding that the underlying attacks were not "extrajudicial killings" under the D.C. Circuit's decision in *Borochov v. Islamic Republic of Iran*, 94 F.4th 1053, 1057 (D.C. Cir. 2024). *See* Dkt. 303 at 28. But the status of the law is not yet fixed. The *Borochov* plaintiffs filed a petition for a writ of certiorari, and the Supreme Court called for the views of the Solicitor General. *See* Jan. 13, 2025 Order, *Borochov v. Islamic Republic of Iran*, S. Ct. Case No. 24-277. Although the Solicitor General filed a brief recommending denial on May 27, 2025, *see* Br. of United States as Amicus Curiae, *Borochov v. Islamic Republic of Iran*, S. Ct. Case No. 24-277, the certiorari petition remains pending. Staying these claims would allow that process to run its course. If the Supreme Court granted the

petition and held that extrajudicial killings under the FSIA include deliberated *attempts* to kill, as this Court previously held, these seven Plaintiffs' claims would again be live. Indeed, Plaintiffs with claims clearly foreclosed by *Borochov* are still pending before this Court.[2]

When faced with this issue before, the Court granted the relief Plaintiffs now seek. *See Zambon* Dkt. 296. Last September, the Court dismissed SPC Kyle Stewart's claim for lack of subject-matter jurisdiction, relying on *Borochov*. *See Zambon* Dkt. 276 at 3; *see also Zambon* Dkt. 275 at 4-9 (dismissing SPC Stewart's claim in light of *Borochov*). For the same reasons identified in this Motion, Plaintiffs moved under Rule 59(e) for the Court to amend or alter SPC Stewart's dismissal. *See Zambon* Dkt. 278. The Court granted that relief. *See Zambon* Dkt. 296 at 1 (ordering that "the Court's September 30, 2024, order dismissing Kyle Stewart's claim is modified to provide that Kyle Stewart's claim is stayed rather than dismissed").

These seven Plaintiffs are identically situated to SPC Stewart, and similarly situated to the other *Borochov*-affected Plaintiffs whose claims are still pending. To prevent the manifest injustice of treating them differently, the Court should again modify its judgment to specify that the claims of these seven Plaintiffs are stayed rather than dismissed. Plaintiffs propose filing a status report proposing next steps—both for these seven Plaintiffs and all other remaining Plaintiffs—within 14 days of the Supreme Court's order on the pending certiorari petition.

\* \* \*

---

[2] Plaintiffs previously explained that, "[i]f there has been no change to the [*Borochov*-]affected Plaintiffs' ability to pursue their claims by the time the Court resolves the remaining, unaffected claims, Plaintiffs will file a notice of voluntary dismissal for the affected Plaintiffs, to permit the Court to close the case." Dkt. 254 at 16. This Court has ruled on all other Plaintiffs' requests for compensatory damages, but Plaintiffs' request for punitive damages remains open. *See Cabrera v. Islamic Republic of Iran*, 2022 WL 2817730, at \*57 (D.D.C. July 19, 2022) (explaining that "the Court will defer ruling on punitive damages until the compensatory damage[s] awards of all plaintiffs in this case have been decided"). Plaintiffs anticipate that the Supreme Court will issue its order on the *Borochov* petition for a writ of certiorari by early July 2025.

3

The Court should grant the Motion and stay the entry of final judgment.

Dated: June 6, 2025

<div style="display: flex;">

Robert W. Cowan
DC Bar No. TX0148
Bailey Cowan Heckaman PLLC
Four Oaks Place
1360 Post Oak Blvd., Suite 2300
Houston, Texas 77056
Telephone: (713) 425-7100
Facsimile: (713) 425-7101
rcowan@bchlaw.com

*Counsel for Zambon Afghanistan-Based Plaintiffs*

</div>

Respectfully submitted,

*/s/ Joshua D. Branson*
Joshua D. Branson (D.C. Bar No. 981623)
Andrew E. Goldsmith (D.C. Bar No. 1007074)
Grace W. Knofczynski (D.C. Bar No. 1500407)
James A. Ruck (D.C. Bar No. 1739309)
Kellogg, Hansen, Todd,
  Figel & Frederick, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
Fax: (202) 326-7999
jbranson@kellogghansen.com
agoldsmith@kellogghansen.com
gknofczynski@kellogghansen.com
jruck@kellogghansen.com

Ryan R. Sparacino (D.C. Bar No. 493700)
Sparacino PLLC
1920 L Street, NW, Suite 835
Washington, D.C. 20036
Tel: (202) 629-3530
ryan.sparacino@sparacinopllc.com

*Counsel for Cabrera Plaintiffs and Zambon Afghanistan-Based Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 6th day of June, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

                                              */s/ Joshua D. Branson*
                                              Joshua D. Branson