IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUGUST CABRERA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>Defendant. | Case No. 19-cv-3835-JDB |
| MARK ZAMBON, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>Defendant. | Case No. 18-cv-2065-JDB |

**PLAINTIFFS' STATUS REPORT REGARDING**
**<u>*BOROCHOV V. ISLAMIC REPUBLIC OF IRAN*</u>, S. CT. CASE NO. 24-277**

In accordance with the Court's June 6 Order, Dkt. 310,[1] Plaintiffs respectfully submit this status report. The Supreme Court denied the petition for writ of certiorari in *Borochov v. Islamic Republic of Iran* on June 30, 2025. *Borochov* thus remains the law in the D.C. Circuit. Plaintiffs accordingly submit this status report to "propos[e] next steps for all remaining plaintiffs" in this litigation. Dkt. 310.

Plaintiffs believe three items remain outstanding before the Court can close this matter. Plaintiffs request that the Court substitute estates and re-enter final judgments on behalf of two

---

[1] Unless otherwise specified, citations to "Dkt." are to the docket entries in *Cabrera v. Islamic Republic of Iran*, No. 19-cv-3835-JDB.

recently deceased Plaintiffs. Plaintiffs also believe that the claims asserted by the remaining *Borochov*-affected Plaintiffs are foreclosed by existing precedent and so intend to voluntarily dismiss them. And Plaintiffs finally request that the Court award punitive damages to all Plaintiffs who have received default judgments, as it previously indicated. *Cabrera v. Islamic Republic of Iran*, 2022 WL 2817730 at *56-57 (D.D.C. July 19, 2022) ("Bellwether Op.").

*First*, as outlined in the contemporaneously filed Motion, the Court should substitute estates and reenter final judgments for two recently deceased Tranche 2 Plaintiffs: Robyn Young and Connie Dianne Beck Herzel. Counsel diligently communicated with these Plaintiffs when preparing their claims for Tranche 2, but only learned of their untimely passings after the Court issued final judgments on their behalf. Granting the Motion will ensure that the correct parties—Ms. Young's and Ms. Herzel's estates—are properly before the Court. And it will ensure that modified judgments, consistent with those the Court entered for other estates, are entered for these Plaintiffs.

*Second*, Plaintiffs propose dismissing without prejudice the claims of all remaining Plaintiffs without final judgments—all *Borochov*-affected Plaintiffs. By dismissing their claims without prejudice, these Plaintiffs would be able to bring their cases anew should there be any later favorable developments in the law, be they judicially created or Congressionally enacted. Plaintiffs are contemporaneously filing a Notice of Voluntary Dismissal Without Prejudice under Federal Rule of Civil Procedure Rule 41(a)(1)(A)(i) for all these Plaintiffs.

*Third*, the Court has already held that the governing factors "weigh strongly in favor of awarding significant punitive damages" to Plaintiffs. Bellwether Op. at *56. And the Court has signaled a preference for awarding "punitive damages in an amount equal to the total compensatory damages awarded," including prejudgment interest. *Id.* (quoting *Sheikh v.*

*Republic of Sudan*, 485 F. Supp. 3d 255, 273 (D.D.C. 2020) (Bates, J.)). But at the time of the Bellwether Opinion, "with the claims of so many plaintiffs still outstanding," the Court was "not prepared to enter a punitive award against Iran." Bellwether Op. at *57. Rather, the Court stated that it would "defer ruling on punitive damages until the compensatory damage awards of all plaintiffs in this case have been decided." *Id.*

Plaintiffs believe that the punitive-damages issue is now ripe for resolution. As just discussed, all remaining Plaintiffs propose dismissing their claims without prejudice. Once that happens, and pending resolution of the Motion discussed above, the Court will have awarded compensatory damages awards to all Plaintiffs in this case. Plaintiffs thus request that the Court award punitive damages totaling $7,933,235,944.48, which is equal to the aggregate compensatory damages awarded to all Plaintiffs in this case.[2] A breakdown of the total compensatory damages and prejudgment interest awarded to each individual Plaintiff appears in the attached Exhibit A. A Proposed Order is also attached.

Plaintiffs believe that the Court can close this matter after it addresses the above issues. Plaintiffs are very grateful for the time and energy the Court has dedicated to this case over the past six years. Should the Court wish to discuss any of the remaining items in this matter, or any other issues, counsel are available for a status conference at the Court's convenience.

---

[2] This figure includes the proposed alternative judgment amounts for the estates of Robyn Young and Connie Dianne Beck Herzel, as discussed in the contemporaneously filed Motion, rather than the amount the Court previously awarded.

Dated: July 14, 2025

Respectfully submitted,

Robert W. Cowan
DC Bar No. TX0148
Bailey Cowan Heckaman PLLC
Four Oaks Place
1360 Post Oak Blvd., Suite 2300
Houston, Texas 77056
Telephone: (713) 425-7100
Facsimile: (713) 425-7101
rcowan@bchlaw.com

*Counsel for Zambon Afghanistan-Based Plaintiffs*

*/s/ Joshua D. Branson*
Joshua D. Branson (D.C. Bar No. 981623)
Andrew E. Goldsmith (D.C. Bar No. 1007074)
Grace W. Knofczynski (D.C. Bar No. 1500407)
James A. Ruck (D.C. Bar No. 1739309)
Kellogg, Hansen, Todd,
  Figel & Frederick, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 326-7900
Fax: (202) 326-7999
jbranson@kellogghansen.com
agoldsmith@kellogghansen.com
gknofczynski@kellogghansen.com
jruck@kellogghansen.com

Ryan R. Sparacino (D.C. Bar No. 493700)
Sparacino PLLC
1920 L Street, NW, Suite 835
Washington, D.C. 20036
Tel: (202) 629-3530
ryan.sparacino@sparacinopllc.com

*Counsel for Cabrera Plaintiffs and Zambon Afghanistan-Based Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of July, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

*/s/ Joshua D. Branson*
Joshua D. Branson
