**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| AUGUST CABRERA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>Defendant. | Case No. 19-cv-3835-JDB |
| MARK ZAMBON, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>Defendant. | Case No. 18-cv-2065-JDB |

**MOTION TO SUBSTITUTE ESTATES ON BEHALF OF DECEASED PLAINTIFFS,
VACATE THE COURT'S PRIOR JUDGMENTS FOR THESE DECEASED
PLAINTIFFS, AND REENTER JUDGMENTS FOR THEIR SUBSTITUTED ESTATES**

Plaintiffs respectfully move the Court to take three actions relating to two Plaintiffs who have passed since filing their claims, Robyn Young and Connie Dianne Beck Herzel:  (1) substituting the estates of Ms. Young and Ms. Herzel as Plaintiffs; (2) vacating the final judgments made to Ms. Young and Ms. Herzel individually; and (3) reentering final judgments on behalf of each of their estates.

\*          \*          \*

"If a party dies and the claim is not extinguished, the court may order substitution of the proper party."  Fed. R. Civ. P. 25(a)(1).  Claims under the private right of action in 28 U.S.C.

§ 1605A(c) are not extinguished by death.  Section 1605A(c)(4) specifically provides a private

right of action for the "legal representative" of an individual who could otherwise bring a claim.

Indeed, this Court has already granted a materially identical motion to substitute estates for

Plaintiffs who passed away prior to receiving a final judgment in this case.  *See*, *e.g.*, Sept. 11,

2024, Minute Order.  The Court should do so again here.

The Court has already entered final judgments for Ms. Young and Ms. Herzel.  *See*

Order, Dkt. 304 at 6, 8.[1]  Plaintiffs' counsel had been in touch with these Plaintiffs individually

while collecting evidence to submit to the Special Masters, and Plaintiffs' counsel sent regular

updates to all Plaintiffs as the Special Masters and the Court considered their claims.  But

Plaintiffs' counsel only learned that these individuals had passed away after the Court entered

their final judgments as part of Tranche 2.  Thus, Plaintiffs request that the Court grant the

substitution and then vacate the prior judgments and reenter final default judgments on behalf

of their estates.

The below chart shows the deceased Plaintiffs and the Third Amended Complaint

("TAC") paragraphs containing the Plaintiffs' claims.  *See* TAC, Dkt. 133.  It also lists the

individuals who are in the process of opening the deceased Plaintiffs' estates as the estates'

representatives.

| Plaintiff | TAC Paragraph | Tranche | Estate Representative | Rep.'s Relationship to Decedent |
|---|---|---|---|---|
| Robyn Young | 1688 | T2 | Chelly Nicole Burkett | Daughter |
| Connie Dianne Beck Herzel | 2056 | T2 | Stephanie Hayhurst | Daughter |

---

[1] Unless otherwise specified, citations to "Dkt." are to the docket entries in *Cabrera v. Islamic Republic of Iran*, No. 19-cv-3835-JDB.

Should the Court substitute Ms. Young and Ms. Herzel's estates as Plaintiffs, it should also vacate the final judgments for Ms. Young and Ms. Herzel individually. And it should reenter final judgments on behalf of the newly substituted estates.

Federal Rule of Civil Procedure 60 provides that on motion, a "court may relieve a party or its legal representative from a final judgment, order, or proceeding" for "any [ ] reason that justifies relief." Fed. R. Civ. P. 60(b), (b)(6). The substitution of estates for the now-deceased Plaintiffs "justifies relief" from the Court's final judgments for these two deceased Plaintiffs. Fed. R. Civ. P. 60(b)(6). The Court should therefore vacate the final default judgments for the two Plaintiffs to permit the Court to reenter final judgments on behalf of their estates—the proper parties before this Court. The Court previously entered identical relief for five deceased Plaintiffs following the resolution of Tranche 1. *See* Dkt. 286.

The below chart shows the two deceased Plaintiffs and their previously awarded damages from the Court's Order. *See* Dkt. 304 at 6, 8.

| Deceased Plaintiff | Pain-and-Suffering or Solatium Damages | Compensatory Damages Plus Pre-Judgment Interest |
|---|---|---|
| Connie Dianne Beck Herzel | $8,000,000 | $15,138,088 |
| Robyn Young | $8,000,000 | $16,352,936 |

Plaintiffs recognize that the Court previously departed downward by 20% for the estates of family-member plaintiffs because they, like older plaintiffs, "suffered for shorter periods of time." Dkt. 249 at 10. Plaintiffs propose taking the same approach here. Awarding the estates each $6,400,000—reflecting a 20% downward departure from the baseline previously awarded by the Court—is consistent with the Court's precedent. The below chart contains the requested awards with that adjustment for each of the two Plaintiffs' estates with prejudgment interest calculated as of July 14, 2025.

3

| Estate | Pain-and-Suffering or Solatium Damages | Compensatory Damages Plus Pre-Judgment Interest |
|---|---|---|
| Estate of Connie Dianne Beck Herzel | $6,400,000 | $13,197,807 |
| Estate of Robyn Young | $6,400,000 | $12,217,356 |

This request has no impact on the Court's final default judgments for the other Tranche 2 Plaintiffs included in the Court's Order at Dkt. 304.

## CONCLUSION

The Court should grant the motion.  A proposed Order is attached.

4

Dated:  July 14, 2025

Respectfully submitted,

Robert W. Cowan
DC Bar No. TX0148
Bailey Cowan Heckaman PLLC
Four Oaks Place
1360 Post Oak Blvd., Suite 2300
Houston, Texas 77056
Telephone: (713) 425-7100
Facsimile: (713) 425-7101
rcowan@bchlaw.com

*Counsel for Zambon Afghanistan-Based
Plaintiffs*

*/s/ Joshua D. Branson*
Joshua D. Branson (D.C. Bar No. 981623)
Andrew E. Goldsmith (D.C. Bar No. 1007074)
Grace W. Knofczynski (D.C. Bar No. 1500407)
James A. Ruck (D.C. Bar No. 1739309)
Kellogg, Hansen, Todd,
  Figel & Frederick, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel:  (202) 326-7900
Fax:  (202) 326-7999
jbranson@kellogghansen.com
agoldsmith@kellogghansen.com
gknofczynski@kellogghansen.com
jruck@kellogghansen.com

Ryan R. Sparacino (D.C. Bar No. 493700)
Sparacino PLLC
1920 L Street, NW, Suite 835
Washington, D.C. 20036
Tel: (202) 629-3530
ryan.sparacino@sparacinopllc.com

*Counsel for Cabrera Plaintiffs and Zambon
Afghanistan-Based Plaintiffs*

5

**CERTIFICATE OF SERVICE**

I hereby certify that on this 14th day of July 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

*/s/ Joshua D. Branson*
Joshua D. Branson