UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AUGUST CABRERA, *et al.*,<br><br>    Plaintiffs,<br><br>        v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>    Defendant. | Civil Action No. 19-3835 (JDB) |
| MARK ZAMBON, *et al.*,<br><br>    Plaintiffs,<br><br>        v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>    Defendant. | Civil Action No. 18-2065 (JDB) |

## ORDER

Upon consideration of [Cabrera ECF No. 312] Afghanistan-based plaintiffs' motion to substitute parties, vacate judgments, and enter final judgments, and the entire record herein, it is hereby **ORDERED** that the motion is **GRANTED**; it is further

**ORDERED** that the final judgments entered for Connie Dianne Beck Herzel and Robyn Young, see Order [Cabrera ECF No. 304] at 6, 8, are **VACATED**; it is further

**ORDERED** that the Estate of Robyn Young and the Estate of Connie Diane Beck Herzel are substituted for plaintiffs Robyn Young and Connie Dianne Beck Herzel, respectively; it is further

**ORDERED** that the below plaintiffs are awarded damages in the following amounts, plus postjudgment interest at the rate mandated by 28 U.S.C. § 1961(a); it is further

1

| Plaintiff | Compensatory Damages | Compensatory Damages Plus Pre-Judgment Interest |
|---|---|---|
| Estate of Robyn Young | $6,400,000 | $13,197,807 |
| Estate of Connie Dianne Beck Herzel | $6,400,000 | $12,217,356 |

**ORDERED** that final judgment on liability and damages is directed under Federal Rule of Civil Procedure 54(b) as to all claims by these plaintiffs associated with the attacks. The Court concludes that there is no just reason for delay in entering a final judgment pursuant to Rule 54(b) because Iran, an absent defendant, will not be prejudiced by "staggered appeals or the like," Sheikh v. Republic of Sudan, 485 F. Supp. 3d 255, 274 (D.D.C. 2020), and plaintiffs will be eligible to recover from the U.S. Victims of State Sponsored Terrorism Fund only with "a final judgment," 34 U.S.C. § 20144(c)(2); see U.S. Dep't of Just., Frequently Asked Questions, U.S. Victims of State Sponsored Terrorism Fund, http://www.usvsst.com/faq.php (last accessed February 28, 2025); Fritz v. Islamic Republic of Iran, 324 F. Supp. 3d 54, 66 (D.D.C. 2018) (entering judgment pursuant to Rule 54(b) so plaintiffs would not be "prejudiced in their ability to receive prompt payment of all or some of their compensatory damages awards from" the Fund); it is further

**ORDERED** that this Order is the final "default judgment" for the above-listed plaintiffs' claims to be served on the Islamic Republic of Iran pursuant to 28 U.S.C. § 1608(e). The Clerk of Court is directed to not issue individual judgments for these claims, as this Order shall constitute that judgment; and it is further

**ORDERED** that, because plaintiffs have repeatedly attempted and failed to successfully serve the Islamic Republic of Iran under 28 U.S.C. § 1608(a)(3), see [Cabrera ECF Nos. 19, 50], plaintiffs may proceed to serve this default judgment immediately pursuant to 28 U.S.C. § 1608(a)(4).

2

SO ORDERED.

/s/

JOHN D. BATES
United States District Judge

Dated:  <u>July 14, 2025</u>