**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AUGUST CABRERA, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 19-3835 (JDB) |
| ISLAMIC REPUBLIC OF IRAN, | |
| Defendant. | |
| | |
| MARK ZAMBON, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 18-2065 (JDB) |
| ISLAMIC REPUBLIC OF IRAN, | |
| Defendant. | |

**MOTION FOR PUNITIVE DAMAGES AND ENTRY OF CONSOLIDATED FINAL
JUDGMENT**

Plaintiffs request that the Court enter the two attached Proposed Orders.  The first would grant punitive damages to four in utero Plaintiffs—K.E.F.V., A.M.P., S.G.C.H., and C.L.K.— whom Plaintiffs inadvertently excluded from their Proposed Order granting punitive damages in this matter.  The second Proposed Order would then consolidate all final default judgments of the Afghanistan-based plaintiffs in these consolidated actions into a single, unified order.  Such an Order is necessary for Plaintiffs to pursue time-sensitive judgment-enforcement efforts.  The relevant orders and corresponding final judgments Plaintiffs seek to consolidate into a single order are located at Dkts. 77, 83-105, 127, 138-177, 180-229, 250, 264, 273, 285-86, 302, 304,

and 314-315.[1]  Given the exigencies of judgment enforcement efforts, Plaintiffs respectfully request that this relief be granted as promptly as possible.

In seeking to enforce their judgments in other Districts, Plaintiffs have encountered administrative obstacles arising from variation in different Clerk's offices' expectations and procedures.  Those obstacles have arisen with respect to the form of the judgments other Districts expect Plaintiffs to register.  As relevant here, in some instances an earlier-entered final judgment for certain Plaintiffs was later amended to substitute estates for deceased plaintiffs, or to make other non-substantive corrections.  That process (which was perfectly appropriate on its own terms) has led to unintended administrative problems with other Districts, as explained below.  To facilitate Plaintiffs' enforcement efforts, Plaintiffs now seek entry of an order consolidating all the Final Judgments received by Plaintiffs in the consolidated *Cabrera* and *Zambon* actions.  Plaintiffs believe that this consolidated order will satisfy other Districts and permit more efficient judgment enforcement.  Plaintiffs' requested relief under Rule 60(a) is exclusively a correction to the form of the record; it does not seek any substantive changes to the plaintiffs, defendants, liability findings, or judgment amounts.[2]

## PROCEDURAL HISTORY

Between July 19, 2022 and July 15, 2025, the Court entered numerous orders granting different tranches of Plaintiffs final default judgments against the Islamic Republic of Iran, awarding compensatory damages and pre-judgment interest.  *E.g.*, Dkts. 77, 127, 138, 250, 264, 273, 285, 302, and 304.  At Plaintiffs' request, the Court later amended several of these orders to

---

[1] Unless otherwise specified, citations to "Dkt." are to the docket entries in *Cabrera v. Islamic Republic of Iran*, No. 19-cv-3835 (JDB).  This Proposed Order also includes the proposed punitive-damages awards for the four in-utero Plaintiffs.

[2] As discussed in more detail below, Plaintiffs do propose making corrections to minor, inadvertent spelling and transcription errors in the final judgments.

correct the amount of pre-judgment interest awarded to certain Plaintiffs. *E.g.*, Dkt. 77, *later amended by* Dkt. 127; Dkt. 264, *later amended by* Dkt. 273. The Court also amended other final judgments to substitute estates for Plaintiffs who had died. *E.g.*, Dkt. 264, *later amended by* Dkts. 286; Dkt. 304, *later amended by* Dkt. 314. The Clerk of Court entered the individual judgments for certain Plaintiffs who had obtained final default judgments. *See* Dkt. 77, *individual judgments entered by* Dkts. 83-105; Dkt. 138, *individual judgments entered by* Dkts. 139-177, 180-229. But the Clerk of Court did not always update those individual judgments when this Court amended them, such as for Kevin King or Stephanie Miller. *Compare* Dkts. 77, 97, 104 *with* Dkt. 127.

As the Court knows, Plaintiffs' principal source of recovery so far has been the U.S. Victims of State Sponsors of Terrorism Fund. But Plaintiffs are also exploring ways to enforce their judgments directly against Iranian assets, such as through the Terrorism Risk Insurance Act. To that end, in early February 2026, Plaintiffs sought to register the final judgments in the District Court for the Eastern District of New York. To do so, Plaintiffs obtained from the Clerk of this Court certified copies of most of the final judgments, along with corresponding Form AO-451s. But the Clerk of this Court would not provide Form AO-451s for some final judgments—specifically, Dkts. 264, 273, and 304—because those final judgments were later amended through subsequent orders. *See* Dkts. 286 and 314. While the Clerk would provide Form AO-451s for those later amendments, those amended orders (Dkts. 286 and 314) did not contain the full tables of damages awarded in the earlier final judgments (Dkts. 264, 273, and 304). Rather, the amended orders just dealt with Plaintiffs whose orders needed amending.

Plaintiffs attempted to resolve this issue by simply attaching as exhibits the earlier final judgments to the later-amended final judgments[3] when registering the relevant amended final judgments with the E.D.N.Y.  Despite this, the Clerk of Court for the E.D.N.Y. refuses to accept those earlier final judgments—that is, Dkts. 264, 273, and 304—for docketing and registration for enforcement purposes in that District, because they lacked a corresponding Form AO-451.

There is one other, related issue.  On July 15, 2025, the Court entered a consolidated order awarding punitive damages to all Plaintiffs in the consolidated *Cabrera* and *Zambon* actions.  *See* Dkt. 315.  The Court awarded these punitive damages "in an amount equal to the total compensatory damages award, plus interest."  *Id.* at 1.  But in Plaintiffs' proposed order granting these punitive damages, Dkt. 311-2, Plaintiffs inadvertently excluded the four in-utero Plaintiffs that the Court had awarded damages to just two months earlier, *see* Dkt. 302 at 2.  This oversight was due to the timing of those in utero judgments, which were entered later than other judgments after the D.C. Circuit's decision upholding their standing.  *See id.*  The Court's Order awarding punitive damages thus omitted K.E.F.V., A.M.P., S.G.C.H., and C.L.K., solely due to Plaintiffs' oversight.

The Clerk of Court did not incorporate any punitive damages into Plaintiffs' individual judgments.  Plaintiffs did not seek to register in New York that order awarding punitive damages, but any attempt to do so likely would have compounded the issues described above.

---

[3] Specifically, Plaintiffs registered Dkt. 286 with the E.D.N.Y., attaching Dkts. 264 and 273, and also registered Dkt. 314, attaching Dkt. 304.  *See Cabrera v. Islamic Republic of Iran*, 26-mc-433 (E.D.N.Y. Feb. 4, 2026), Dkt. 1; *Cabrera v. Islamic Republic of Iran*, 26-mc-431 (E.D.N.Y. Feb. 4, 2026), Dkt. 1.

**ARGUMENT**

**I.    The Court Should Award Punitive Damages to the In-Utero Plaintiffs**

The Court previously held that the governing factors "weigh strongly in favor of awarding significant punitive damages" to Plaintiffs. *Cabrera v. Islamic Republic of Iran*, 2022 WL 2817730, at *56 (D.D.C. July 19, 2022). So once all compensatory damages had been awarded, the Court awarded "the Afghanistan-based plaintiffs in this case . . . punitive damages in an amount equal to the total compensatory damages award, plus interest." Dkt. 315 at 1 (cleaned up).

Missing from that Order awarding punitive damages were the four in-utero Plaintiffs: K.E.F.V., A.M.P., S.G.C.H., and C.L.K. *See* Dkt. 302 at 2. That is because Plaintiffs inadvertently excluded these four Plaintiffs from the Proposed Order that Plaintiffs submitted to the Court. *See generally* Dkt. 311-2. Plaintiffs apologize to the Court for this oversight and have verified that these four Plaintiffs were the only ones excluded from the Court's punitive-damages award. To rectify that inadvertent omission—and to both ensure that all Plaintiffs are treated equally, and to adequately deter Iran for its conduct—Plaintiffs thus respectfully request that the Court enter the first Proposed Order, awarding K.E.F.V., A.M.P., S.G.C.H., and C.L.K. punitive damages equal to the total compensatory damages that the Court previously awarded them, plus prejudgment interest. *See In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002) (explaining that the purpose of Rule 60(a) is "to correct errors that are mechanical in nature that arise from oversight or omission").

**II.    The Court Should Enter the Proposed Order to Consolidate the Final Judgments in a Form that Will Resolve the Administrative Obstacles to Plaintiffs' Enforcement Rights**

Under Rule 60(a), a "court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."

5

Fed. R. Civ. P. 60(a).  This Rule "cannot be used to change the substance of an order or judgment," but rather "only can be used to make the judgment or record speak the truth." *Fanning v. George Jones Excavating, L.L.C.*, 312 F.R.D. 238, 239 (D.D.C. 2015) (Bates, J.).  It thus empowers a court to make "corrections that are consistent with the court's intent at the time it entered the judgment" and to "accurately reflect[] the way in which the rights and obligations of the parties have in fact been adjudicated."  *Cont'l Transfer Tech. Ltd. v. Fed'l Gov't of Nigeria*, 850 F. Supp. 2d 277, 283 (D.D.C. 2012) (quoting *Rivera v. PNS Stores, Inc.*, 647 F.3d 188, 194, 195 (5th Cir. 2011)).

Courts often "use Rule 60(a) to facilitate enforcement of [their] judgments."  *Garamendi v. Henin*, 683 F.3d 1069, 1078-79 (9th Cir. 2012) (noting that Rule 60(a) may be used "for clarification and explanation, consistent with the intent of the original judgment, even in the absence of ambiguity, if necessary for enforcement"); *see Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1298 (9th Cir. 2014) ("Rule [60(a)] allows a court to clarify a judgment in order to . . . ensure that the court's purpose is fully implemented, or to permit enforcement." (cleaned up)).  In *Garamendi*, for example, a plaintiff obtained two default judgments against a French defendant in U.S. federal court, but was rebuffed when he sought to enforce those judgments in France.  683 F.3d at 1072.  So the plaintiff returned to the district court and filed a motion under Rule 60(a), requesting that the default judgments be corrected to permit enforcement in France. *Id.*  In affirming the district court's grant of the Rule 60(a) motion, the Ninth Circuit held that "[n]either corrected judgment changes the amount of damages" in the original default judgments and so they "amount to nothing more than explanations and clarifications of the district court's original intent," which was a proper use of Rule 60(a).  *Id.* at 1080-81; *see Sartin v. McNair L. Firm PA*, 756 F.3d 259, 265-67 (4th Cir. 2014) (affirming Rule 60(a) clarification order entered

6

more than a year after final judgment, where district court corrected an oversight in an attorney-fees-sanctions order to conform the written order to the court's original intent, so that the clarified order could be given effect in collateral proceedings).

The same principles apply here.  Plaintiffs—having obtained the final judgments against Iran in this Court—now seek to enforce those final judgments by registering them in other Districts.  Plaintiffs have encountered obstacles, not because of any substantive issues with the final judgments themselves, but simply because the entry of the final judgments across numerous orders, some of which were later modified, has raised ministerial issues in the Clerk's Offices of the various courts involved, each of which has slightly different expectations for how judgment registration must happen.  Accordingly, like in *Garamendi* and *Sartin*, Plaintiffs seek correction of the final judgments, under Rule 60(a), through entry of a single order consolidating all the final judgments.  This order would not change any substantive aspects of the final judgments, but would merely "facilitate enforcement" in other Districts.  *Garamendi*, 683 F.3d at 1078-79; *see Sartin*, 756 F.3d at 267.

Should the Court enter Plaintiffs' Proposed Order, Plaintiffs also suggest that the Court use this opportunity to correct a handful of small spelling and transcription errors in the Court's previous orders.  Courts routinely correct the spelling of a party's name under Rule 60(a).  *See Martinez v. Dart Trans, Inc.*, 547 F. Supp. 3d 1140, 1149-50 (D.N.M. 2021) (collecting authority); *see also Catz v. Chalker*, 566 F.3d 839, 841 (9th Cir. 2009) (noting that a motion to correct the misspelling of a party's name under Rule 59(a) was "more properly construed as a motion to correct a clerical mistake pursuant to [Rule] 60(a)").  Here, the spelling errors were inadvertently introduced by either Plaintiffs or the Court during the litigation process.  For example, Plaintiffs did not correct Special Master Grubbs's misspelling of "C.S.S." (really,

C.M.S.).  *Compare* Dkt. 231-13 at 6 ("C.S.S.") *with* Dkt. 264 at 7 ("C.S.S.").  And the Court

inadvertently referred to Christina Nikole Guerrero by her maiden name.  *Compare* Dkt. 231-13

at 6 ("Christina Nikole Guerrero") *with* Dkt. 264 at 7 ("Christina Southworth Guerrero").  In

addition, in a few instances, Plaintiffs requested—and the Court awarded—damages to the name

a Plaintiff goes by, rather than that Plaintiff's legal name—such as in the case of Dan Olmstead

(legally, Daniel Walter Olmstead).  *See* Dkt. 264 at 5.  These slight errors have not prejudiced

Plaintiffs' ability to recover from the U.S. Victims of State Sponsors of Terrorism Fund.  But to

prevent any difficulties with attaching against Iranian assets, Plaintiffs request that the Court

make these corrections now.

Plaintiffs also suggest that the Court correct three transcription errors.  As the Court's

previous Order granting punitive damages makes clear, it intended to award punitive damages

"in an amount equal to the total compensatory damages award, plus interest."  Dkt. 315 at 1

(cleaned up).  But for three Plaintiffs—Damen Snow, Kevin Grady, and Grace Kreischer—the

punitive damages figures are slightly different.  *Compare* Dkt 264 at 16 (awarding Damen Snow

$4,363,576 in compensatory damages plus pre-judgment interest) *with* Dkt. 315 at 20 (awarding

Damen Snow $4,363,756 in punitive damages); *compare* Dkt. 264 at 19 (awarding Kevin Grady

$4,393,216 in compensatory damages plus pre-judgment interest) *with* Dkt. 315 at 23 (awarding

Kevin Grady $4,393,516 in punitive damages); *compare* Dkt. 264 at 17 (awarding Grace

Kreischer $10,127,285 in compensatory damages plus pre-judgment interest) *with* Dkt. 315 at 22

(awarding Grace Kreischer $10,127,185 in punitive damages).  These transcription errors were

introduced by Plaintiffs in their proposed order.  To ensure that the Court's award of punitive

damages matches its intent, the Court should correct these figures.  Courts routinely correct such

errors under Rule 60(a).  *E.g.*, *Jo Ann Howard & Assocs., P.C. v. Cassity*, 2019 WL 6250827, at

8

*2 (E.D. Mo. Nov. 22, 2019) (finding court "erred by making a 'clerical mistake or mistake arising from oversight or omission' in the calculation of prejudgment interest").

Each of the spelling and transcription corrections that Plaintiffs propose the Court make is noted in a footnote in the attached Proposed Order.

## CONCLUSION

The Court should enter the attached Proposed Order awarding punitive damages to K.E.F.V., A.M.P., S.G.C.H., and C.L.K.  Once that Order is entered, the Court should enter the second attached Proposed Order, consolidating the final judgments entered and damages awarded by the Court—Dkts. 77, 83-105, 127, 138-177, 180-229, 250, 264, 273, 285-86, 302, 304, and 314-315, as well as the proposed punitive-damages awards for the four in-utero Plaintiffs—into a single consolidated Judgment for the purpose of streamlining and permitting enforcement in other Districts.  Plaintiffs further respectfully request that the Court direct the Clerk of this Court to issue Plaintiffs a completed Form AO-451 with respect to that consolidated Judgment.

Dated:  March 31, 2026

Respectfully submitted,

/s/ Joshua D. Branson

Robert W. Cowan
DC Bar No. TX0148
Bailey Cowan Heckaman PLLC
Four Oaks Place
1360 Post Oak Blvd., Suite 2300
Houston, Texas 77056
Telephone: (713) 425-7100
Facsimile: (713) 425-7101
rcowan@bchlaw.com

*Counsel for Zambon Afghanistan-Based Plaintiffs*

Joshua D. Branson (D.C. Bar No. 981623)
Andrew E. Goldsmith (D.C. Bar No. 1007074)
Grace W. Knofczynski (D.C. Bar No. 1500407)
James A. Ruck (D.C. Bar No. 1739309)
Kellogg, Hansen, Todd,
  Figel & Frederick, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Tel:  (202) 326-7900
Fax:  (202) 326-7999
jbranson@kellogghansen.com
agoldsmith@kellogghansen.com
gknofczynski@kellogghansen.com
jruck@kellogghansen.com

Ryan R. Sparacino (D.C. Bar No. 493700)
Sparacino PLLC
1920 L Street, NW, Suite 835
Washington, D.C. 20036
Tel:  (202) 629-3530
ryan.sparacino@sparacinopllc.com

*Counsel for Cabrera Plaintiffs and Zambon Afghanistan-Based Plaintiffs*

10

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of March 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

/s/ *Joshua D. Branson*
Joshua D. Branson

11