**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| MARK ZAMBON, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>  Defendant. | Civil Action No. 18-2065 (JDB) |
| AUGUST CABRERA, *et al.*,<br><br>  Plaintiffs,<br><br>  v.<br><br>ISLAMIC REPUBLIC OF IRAN,<br><br>  Defendant. | Civil Action No. 19-3835 (JDB) |

## MEMORANDUM OPINION & ORDER

On May 12, 2025, this Court granted compensatory damages to four in-utero Afghanistan-based plaintiffs—K.E.V.F., A.M.P., S.G.C.H., and C.L.K. See In-Utero Plaintiffs Damages Ord. [Cabrera ECF No. 302]. Then, on July 14, 2025, the Court granted all Afghanistan-based plaintiffs punitive damages—except for these four plaintiffs. See Punitive Damages Ord. [Cabrera ECF No. 315; Zambon ECF No. 328]. The in-utero plaintiffs were omitted from the Court's Punitive Damages Order because plaintiffs had not included them in their proposed order. See Plts.' Proposed Punitive Damages Ord. [Cabrera ECF No. 311-2].

On March 31, 2026, plaintiffs moved pursuant to Federal Rule of Civil Procedure 60(a) to revise the Court's judgment and grant the in-utero plaintiffs punitive damages. See Plts.' Mot. [Cabrera ECF No. 321]. While the Court determines that Rule 60(a) does not permit such a revision, it holds that Rule 60(b)(1) does, and grants plaintiffs' requested relief.

1

Rule 60(a) of the Federal Rules of Civil Procedure enables courts to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). Alterations that implicate the merits of a district court's judgment, such as adding inadvertently omitted prejudgment interest, do not fall within the bounds of Rule 60(a). Winslow v. FERC, 587 F.3d 1133, 1135 (D.C. Cir. 2009) (Kavanaugh, J.); see also Fanning v. George Jones Excavating, L.L.C., 312 F.R.D. 238, 239 (D.D.C. 2015) (Bates, J.) (Rule 60(a) "cannot be used to change the substance of an order or judgment," but rather "only can be used to make the judgment or record speak the truth."). Awarding punitive damages to additional plaintiffs would constitute a change to the merits of the Court's judgment, not simply a clerical fix, so the Court finds that Rule 60(a) does not permit plaintiffs' requested revision.

Federal Rule of Civil Procedure 60(b) authorizes a broader array of changes to final judgments, however. It provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for one of several defined reasons, including "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1); see also Kemp v. United States, 596 U.S. 528, 537 (2022) (explaining that "Rule 60(a) covers a subset of "mistake[s]"—e.g., "clerical" ones—whereas Rule 60(b)(1) covers "mistake[s]" simpliciter"). And this Circuit has held that Rule 60(b) enables not just vacatur of final judgments but also their modification. See Twelve John Does v. D.C., 841 F.2d 1133, 1140 (D.C. Cir. 1988). A motion under the Rule 60(b) must be made within "a reasonable time." Fed. R. Civ. P. 60(c). And if the motion is founded on mistake or excusable neglect, it must be made within one year of the order or judgment. Id.

The Court holds that omission of the in-utero plaintiffs from its punitive damages award was the product of a mistake or excusable neglect. At the time the plaintiffs submitted their proposed punitive damages order, the D.C. Circuit had recently determined that the in-utero plaintiffs had standing and were thus entitled to damages. See In-Utero Plaintiffs Damages Ord. at 1. Prior to this holding, the in-utero plaintiffs had been proceeding on a separate track from the many other plaintiffs in this case. The omission of the in-utero plaintiffs was thus understandable and excusable. See Cohen v. Bd. of Trustees of Univ. of D.C., 819 F.3d 476, 479 (D.C. Cir. 2016) ("Excusable neglect is an equitable concept that considers all relevant circumstances surrounding the failure to act." (citation modified)). Plaintiffs' motion to revise the judgment and award these plaintiffs punitive damages is also timely under Rule 60(b). See Fed. R. Civ. P. 60(c).

The Court therefore grants plaintiffs' motion to award punitive damages to the four in-utero plaintiffs, and pursuant to Rule 60(b)(1), modifies its prior judgment, [Cabrera ECF No. 315; Zambon ECF No. 328], to include them. Accordingly, it is hereby **ORDERED** the below plaintiffs are awarded punitive damages in the following amounts:

| Plaintiff | Punitive Damages Award |
|---|---|
| K.E.F.V. | $4,591,515 |
| A.M.P. | $4,753,656 |
| S.G.C.H. | $4,731,156 |
| C.L.K. | $3,425,630 |

It is further **ORDERED** that final judgment on liability and damages is directed under Federal Rule of Civil Procedure 54(b) as to all claims by these plaintiffs associated with the attacks. The Court concludes that there is no just reason for delay in entering a final judgment pursuant to

Rule 54(b) because Iran, an absent defendant, will not be prejudiced by "staggered appeals or the like." Sheikh v. Republic of Sudan, 485 F. Supp. 3d 255, 274 (D.D.C. 2020); it is further

ORDERED that this Order is the final "default judgment" for the above-listed plaintiffs' claims to be served on the Islamic Republic of Iran pursuant to 28 U.S.C. § 1608(e). The Clerk of Court is directed to not issue individual judgments for these claims, as this Order shall constitute that judgment; and it is further

ORDERED that, because plaintiffs have repeatedly attempted and failed to successfully serve the Islamic Republic of Iran under 28 U.S.C. § 1608(a)(3), see [Zambon ECF Nos. 6, 7, 11, 12; Cabrera ECF Nos. 19, 50], plaintiffs may proceed to serve this default judgment immediately pursuant to 28 U.S.C. § 1608(a)(4).

SO ORDERED.

/s/
JOHN D. BATES
United States District Judge

Dated:  April 3, 2026