KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
———
(202) 326-7900
FACSIMILE:
(202) 326-7999

April 17, 2026

*Via ECF and Hand Delivery*

Angela D. Caesar, Clerk of Court
United States District Court for the District of Columbia
333 Constitution Avenue N.W.
Washington, D.C. 20001
Room 1225

>       Re:     *Cabrera et al. v. Islamic Republic of Iran*, Civil Action No. 1:19-cv-03835-JDB
>               *Zambon et al. v. Islamic Republic of Iran*, Civil Action No. 1:18-cv-02065-JDB

Dear Ms. Caesar:

We write in connection with the above-captioned cases to request that you take all necessary steps to effect service in this matter on the Defendant, the Islamic Republic of Iran ("Iran"), under 28 U.S.C. § 1608(a)(4).  Plaintiffs seek to serve the Notice of Default Judgment; the Clerk's Entry of Default (Dkt.[1] 269); and the Court's Memorandum Opinion and Order (Dkt. 322), which the Court ordered "is the final 'default judgment' for the [relevant] plaintiffs' claims to be served on the Islamic Republic of Iran pursuant to 28 U.S.C. § 1608(e)"[2]; together with a translation of each into Farsi, the official language of Iran.

Plaintiffs cannot serve Iran under 28 U.S.C. § 1608(a)(1) because the United States and Iran do not have any special arrangement for service of process.  Nor is service on Iran permitted by any applicable international convention on service of judicial documents pursuant to 28 U.S.C. § 1608(a)(2).  In addition, the Court ordered that "plaintiffs may proceed to serve this default judgment immediately pursuant to 28 U.S.C. § 1608(a)(4)," given that "plaintiffs have repeatedly attempted and failed to successfully serve the Islamic Republic of Iran under 28 U.S.C. § 1608(a)(3)."  Dkt. 322 at 4.  Service on Iran under 28 U.S.C. § 1608(a)(3) is thus not applicable, making service under 28 U.S.C. § 1608(a)(4) warranted.

---

[1] Unless otherwise specified, citations to "Dkt." are to the docket entries in *Cabrera et al. v. Islamic Republic of Iran*, D.D.C. No. 1:19-cv-03835-JDB.

[2] The Court further ordered that "[t]he Clerk of Court is directed to not issue individual judgments for these claims, as this Order shall constitute that judgment."  Dkt. 322 at 4.

KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.

Angela D. Caesar
April 17, 2026
Page 2


Therefore, I have enclosed for service on Iran (1) one copy of the notice of electronic filing for this Affidavit for Foreign Mailing; (2) two copies of the Notice of Default Judgment; (3) two copies of the Clerk's Entry of Default (Dkt. 269); (4) two copies of the Court's Memorandum Opinion and Order granting punitive damages (Dkt. 322); and (5) two copies of each of the foregoing documents translated into Farsi, the official language of Iran.  The fee for service through diplomatic channels is also included — a cashier's check for $2,275.00 made out to "U.S. Embassy Bern."

We respectfully request that the Clerk's Office dispatch those documents, along with the attached letter addressed to the U.S. State Department, via FedEx in the enclosed pre-addressed and pre-paid package, to the following address:

U.S. Department of State
L/CA/POG/GC, SA-17, 10th Floor
Washington, DC 20522-1710
Attn:  FSIA

If you have any questions or need anything further please do not hesitate to contact me at jbranson@kellogghansen.com or 202-326-7944.  Thank you in advance for your time and attention to this matter.


Respectfully submitted,

*/s/ Joshua D. Branson*

Joshua D. Branson


Enclosures